WEYERHAEUSER, Respondent, vs. EARLEY, Administrator, Appellant.

*April 14 — May 3, 1898.*

*Appeal, what will be reviewed: Briefs.*

1. The supreme court will not review the finding of a trial court, unless the evidence upon which it is based has been incorporated in the bill of exceptions.
2. Failure of the brief of the appellant to contain, among other things, a concise statement of "the errors relied upon for reversal," as required by Supreme Court Rule IX, criticised, and the importance of such requirement emphasized.

APPEAL from a judgment of the circuit court for La Crosse county: O. B. WYMAN, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Higbee & Bunge,* and oral argument by *E. C. Higbee.*

For the respondent there was a brief by *Bleekman, Bloomingdale & Bergh,* and oral argument by *F. H. Bloomingdale.*

BARDEEN, J. The bill of exceptions in this case consists of a mere statement that, "within ten days after the making and filing of the findings of fact and conclusions of law, the defendant duly excepted to the seventeenth finding of fact, by serving a copy of such exception upon the attorneys for the plaintiff, and filing the same, in writing, with the clerk

Weyerhaeuser vs. Earley.

of this court." No evidence is preserved in the bill, and we are thus left powerless to review any question of fact arising in the case. The rule has frequently been emphasized that this court will not review the finding of a trial court unless the evidence upon which it is based has been incorporated in the bill of exceptions. With no evidence before us, the only question to be determined is whether the judgment is sustained by the pleadings and findings. *Wis. River Imp. Co. v. Lyons*, 30 Wis. 61; *Thomas v. Mitchell*, 27 Wis. 414. We find no difficulty in answering that question in the affirmative.

Counsel have neglected to comply with Rule IX of this court, which requires the brief of appellant to contain, among other things, *a concise statement of "the errors relied upon for reversal."* We desire to emphasize this requirement. It is of material assistance to the court. It directs immediate attention to the main points involved in the case, and enables the court to grasp the real issues involved at the outset. Appellant's brief is an apt illustration of the desirability of close adherence to this rule. At the beginning of their argument, counsel state several propositions of law, and discuss a number of authorities, without any suggestion as to their applicability to the case, until we get well towards the end of the brief. Possibly this arrangement of propositions may be an inducement for the court to read the briefs to the end, but in this case we acquit counsel of any such sinister design. We only desire to criticise their failure to comply with the rule, and regret our inability, from the state of the record, to consider the legal questions they have so ably discussed.

As before stated, we cannot review the findings, because no evidence has been preserved. The findings being accepted as a verity, the conclusion follows that plaintiff was entitled to judgment upon the record presented.

*By the Court.*— The judgment of the circuit court is affirmed.