Foote, Respondent, vs. Foote, Administrator, Appellant.

*November 20—December 8, 1914.*

*Appeal: Exceptions, when necessary: Homestead: Devise to children: Equitable conversion: Liability for debts.*

1. No exception to a mere conclusion of law is ever necessary.
2. Thus, although the findings of the trial court were not excepted to and there is no bill of exceptions, so that the only question is whether the judgment appealed from is sustained by the pleadings and the findings, a fact appearing from the pleadings without dispute and the question whether, in view of that fact, the conclusion of law on which the judgment is based is correct, are fairly before the appellate court.
3. Even were an exception technically necessary in such a case, the supreme court might nevertheless, under sec. 2405m, Stats., decide the question on the merits.

4. The mere fact that it is necessary to sell the homestead of a testator in order to divide it between his children to whom he devised it and who were, under sec. 2280, Stats., entitled to "take the same free of all judgments and claims against the testator or his estate," does not render the proceeds of such sale subject to the payment of the general debts of the estate.

APPEAL from an order and a judgment of the circuit court for Grant county: GEORGE CLEMENTSON, Circuit Judge. *Appeal from order dismissed; judgment reversed.*

This is an appeal from a judgment of the circuit court affirming a judgment of the county court of Grant county directing the payment of the debts proven against the estate out of the proceeds of the sale of the homestead of the deceased. It appeared by the record returned by the county court to the circuit court that the testator, David Foote, died in July, 1904, leaving a will which was subsequently duly probated, by which he gave to his widow the "full control" of his estate during life and after her death directed an equal division of the estate among his surviving children. The estate consisted of a homestead and a small amount of other property. Claims against the estate were allowed to the amount of $1,350. The property outside of the homestead was sold and converted into money and used to discharge expenses of administration, but did not produce enough to discharge the debts. The widow died, and after her death, upon application for construction of the will, the county court held that the will by its terms worked an equitable conversion of the real estate into personal property and that the administrator should sell the homestead in order to carry out the provisions of the will. This was done and the sum of $2,800 realized therefrom. Thereupon the administrator rendered his final account, charging himself with the net proceeds of the homestead and praying that the same be assigned to the surviving children of the testator in accordance with the terms of the will. The creditors appeared at the hearing and claimed that the debts which had been allowed and not paid should be discharged from the moneys received from the sale of the homestead be-

fore distribution to the devisees." The county court so ordered, and upon appeal to the circuit court the order was affirmed, that court holding that the sum in the hands of the administrator "is available and liable for the payment of debts and expenses of administration" of the estate. No bill of exceptions was settled in the circuit court.

For the appellant there was a brief by *T. L. Cleary,* attorney, and *G. E. Cleary,* of counsel, and oral argument by *George Cleary.*

For the respondent there was a brief by *Brown, Brennan & Carthew,* and oral argument by *H. E. Carthew.* They contended, *inter alia,* that under facts similar to those here, except as involving the question of homestead, this court has repeatedly held that the court will deal with the estate as personal from the death of the testator, and that the bequests in such a will must be considered as bequests of personalty only. *Chandler's Appeal,* 34 Wis. 505; *Dodge v. Williams,* 46 Wis. 70, 97, 1 N. W. 92, 50 N. W. 1103; *Gould v. Taylor Orphan Asylum,* 46 Wis. 106, 50 N. W. 422; *Webster v. Morris,* 66 Wis. 366, 28 N. W. 353; *Milwaukee P. Home v. Becher,* 87 Wis. 409, 58 N. W. 774; *Hood v. Dorer,* 107 Wis. 149, 82 N. W. 546; *Becker v. Chester,* 115 Wis. 90, 91 N. W. 87, 650; *McWilliams v. Gough,* 116 Wis. 576, 93 N. W. 550; *Albiston's Estate,* 117 Wis. 272, 94 N. W. 169; *Williams v. Williams,* 135 Wis. 60, 115 N. W. 342. In *Ford v. Ford,* 70 Wis. 19, 53, 33 N. W. 188, the court considers the matter of conversion of a homestead and indicates that, except as to the right of election of the widow, the effect is the same as in other cases. The proceeds of realty converted by will, being personal property, may be applied to the payment of debts. 9 Cyc. 835, 836, 851; *Personeni v. Goodale,* 199 N. Y. 323, 92 N. E. 754.

WINSLOW, C. J. A motion on the part of the appellant to extend the time for settlement of a bill of exceptions and for leave to file exceptions to the findings was denied by the circuit court and an appeal is taken from that order as well as

from the judgment. In the view which we have taken of the case it becomes unnecessary to decide whether this order should have been made or not, and we pass the question.

In our judgment the question whether the proceeds of the homestead may rightfully be used to pay the debts of the estate is squarely presented by the record. By that record it appears as a fact that the administrator has in his hands $2,800 which is the proceeds of the sale of the homestead, and that both the county and circuit courts have concluded as matter of law that under the terms of the will the debts of the deceased must be first paid out of this sum. No exception to a mere conclusion of law is ever necessary. *Wis. River I. Co. v. Lyons,* 30 Wis. 61; *Towsley v. Ozaukee Co.* 60 Wis. 251, 18 N. W. 840. The question is whether the judgment is sustained by the pleadings and findings. *Weyerhaeuser v. Earley,* 99 Wis. 445, 75 N. W. 80. The pleadings here consist on the one side of the final account of the administrator and the accompanying petition for its allowance, showing that he has in hand $2,800 which constitutes the proceeds of the sale of the homestead; on the other side, of the objection by the creditor to the allowance of the account for the reason that there were yet debts of the estate to be paid and that the funds in the administrator's hands were liable for that purpose. The fact that those funds were the proceeds of the homestead was not challenged by this objection. It has not been challenged at any stage of the proceedings, nor is it challenged by the findings of fact made by the circuit court. So the question simply is whether the conclusion of law, namely, that this sum is first chargeable with the debts of the deceased, is correct, and this question, even under the former practice, requires no exception to bring it fairly before us. Under sec. 2405*m,* Stats., however, this court could and doubtless would consider and decide the question on the merits even were an exception technically necessary. Since the passage of the last named section the court is not

compelled in any case to sit still and see a miscarriage of justice go uncorrected simply because of a failure to file an exception.

Both courts held that, because it was necessary to sell the homestead in order to carry out the provisions of the will, the proceeds of the sale lost the homestead character and became subject to the payment of the general debts of the estate.

We deem this view as radically erroneous. Our legislative policy has been to protect the homestead from liability for the general indebtedness of the owner both before and after the owner's death, and whether he died testate or intestate, except in case the deceased left neither widow, children, nor grandchildren. Secs. 2271–2280, Stats. 1913. The last named section specially provides that the devisee of a homestead shall take the same free "of all judgments and claims against the testator or his estate" except mortgages and mechanics' liens. In the present case the children of the deceased were the devisees of the homestead. Under the law they were entitled to receive it free of all judgments and claims. Could that right be taken away because it became necessary, or was thought necessary, to sell the homestead to carry out the will? Manifestly not. The doctrine of equitable conversion is really a fiction by which, for certain purposes, the most frequent of which is to carry out the purpose of a testator, realty will be treated as personalty. It has been well said that "it should never be overlooked that there is no real conversion; the property remains in fact realty or personalty as it was, but for the purpose of the will, so far as it may be necessary and only so far, it is to be treated in contemplation of law as if it had been converted." *Yerkes v. Yerkes*, 200 Pa. St. 419, 50 Atl. 186.

The most frequent examples of the application of the doctrine are those cases in which real property is devised for trust purposes and directed to be sold, the trust being one which, so far as real estate is concerned, the law would not

or could not carry out, but which is perfectly valid as applied to personalty. In these cases the law will, in order to effectuate the purpose of the testator, deem that done which ought to be done and treat the property devised as personalty even before its actual conversion. *Dodge v. Williams,* 46 Wis. 70, 1 N. W. 92, 50 N. W. 1103; *Becker v. Chester,* 115 Wis. 90, 91 N. W. 87, 650; *Albiston's Estate,* 117 Wis. 272, 94 N. W. 169.

But the real estate does not in fact become personal property until its actual sale and conversion into money. So in the present case it must be true that, when the testator died, the title to this homestead passed by virtue of the devise in the will to the testator's children, subject to the widow's life interest therein, and such title being then free from judgments and claims under the provisions of sec. 2280 no sale thereafter made could logically divest the devisees of their right to the clear proceeds. The doctrine of equitable conversion is not to be invoked to deprive persons of vested rights. It is true that the testator may always, subject to the rights of his widow, dispose of his homestead as he sees fit and may charge it with the payment of debts or administration expenses (*Will of Madden,* 104 Wis. 61, 80 N. W. 100), but the testator in the present instance has done nothing of that kind.

*By the Court.*—The appeal from the order is dismissed without costs. Upon the appeal from the judgment the same is reversed, with costs, and the action remanded with directions to enter judgment in accordance with this opinion.