POLZEN, Respondent, vs. POLZEN, Appellant.

*May 23—October 3, 1916.*

*Wills: Devise of homestead: Exemption.*

1. Under sec. 2280, Stats., where a life estate in the homestead of a testator passes under his will to his widow, with remainder to his children, the remaindermen as well as the life tenant take it free and clear of all judgments and claims against the testator or his estate.
2. But the interest of a daughter, as one of such remaindermen, is liable for any judgment against her, it not being her homestead.

APPEAL from a judgment of the county court of Waukesha county: DAVID W. AGNEW, Judge. *Affirmed.*

Partition of homestead.

Plaintiff and defendant are two of the heirs of Joseph Polzen, who died testate January 30, 1911, and left surviving his wife, Hedwich Polzen, three sons, and two daughters hereinafter named. His will was duly admitted to probate and the part thereof material upon this appeal is as follows:

"Unto my beloved wife Hedwich Polzen, all of my estate, both real and personal, to have and to hold for her maintenance and support during the term of her natural life."

"At the death of my said wife my estate, or the residue of my estate, shall be equally divided between my three sons and two daughters, namely, *John Polzen,* Maxmillian Polzen, Joseph Polzen, *Kathrina Polzen,* and Cecelia Klubertanz."

The defendant filed a claim against the estate of her father for services and was awarded judgment for $2,394 thereon. One G. H. Vogel obtained a judgment against the defendant in the county court on September 2, 1914, for the sum of $55.83. The widow, Hedwich Polzen, died intestate on September 2, 1914. Thereafter this action was begun for partition of the premises, resulting in a sale and division of the proceeds under the statute. The defendant claimed that she had a lien on the property for the amount of her judgment and that the said Vogel was not entitled to be paid the

amount of his judgment out of her part of the proceeds of the estate. At the trial it was stipulated that the father, Joseph Polzen, was at the time of his death the owner of the property; that the land consisted of thirty and one-fifth acres and that he was living thereon up to the time that he died and that it was his homestead at the time of his death; that the widow took under the will a life estate only, and that after her death it should be equally divided among the five heirs named. The county court of Waukesha county denied the claims of the defendant and directed the payment of certain costs and the payment of one fifth of the amount remaining to each of the five legatees named, except that out of the share of the defendant the said G. H. Vogel was to be paid the amount of his judgment, $58.49. From the judgment of the county court the defendant appeals.

For the appellant the cause was submitted on the brief of *Frame & Blackstone,* attorneys, and *Frederick A. Bangs,* associate counsel.

*G. Holmes Daubner,* for the respondent.

The following opinion was filed June 13, 1916:

ROSENBERRY, J. The defendant claims that because the widow, Hedwich Polzen, took a life estate in the homestead, the real estate in the hands of the remaindermen is subject to the payment of her judgment. The basis of this claim is not clear. It seems to be based upon the idea that, because the life estate descended to Hedwich Polzen free and clear of all judgments and claims under the statute, the homestead statute became thereby exhausted and did not protect that part of the estate which passed to the remaindermen under the will. We will not consider this proposition further than to say that it is ruled adversely to the defendant by *Foote v. Foote,* 159 Wis. 179, 149 N. W. 738.

The defendant further claims that her interest in the homestead of her father was not subject to the lien of the said Vogel. This claim seems to arise from a misunderstanding

of the exemption statute. The property in her hands was exempt from any judgment rendered against her father or his estate, but was liable for any judgment against her, as it was not in any sense her homestead, she being at the time admittedly a resident of Chicago.

We have considered the other assignments of error, but do not treat them at length. To do so would serve no useful purpose.

*By the Court.*—Judgment affirmed.

ESCHWEILER, J., took no part.

A motion for a rehearing was denied, with $25 costs, on October 3, 1916.