St. Joseph's Hospital of the Sisters of St. Francis, Respondent, vs. Town of Withee, Appellant.

*October 12—November 9, 1932.*

*H. G. Haight* of Neillsville, for the appellant.

For the respondent there was a brief by *W. H. Stafford* and *Harold E. Stafford,* both of Chippewa Falls, and oral argument by *Harold E. Stafford.*

Fairchild, J.   The indigent person had a lawful settlement in the town of Withee.   In 1928 this person was placed in respondent's hospital by members of her family under a private arrangement and charges were paid out of her own funds until they were exhausted.   This condition was reached prior to March 27, 1930, at which time there was an unpaid

balance due respondent of $148.50. The situation of the indigent person and the respondent hospital at this time was presented to the authorities of the town of Withee, who, on behalf of the town, paid the amount then due and made an agreement for future care and maintenance, not, however, for any fixed period of time. The town continued to pay such charges up to and including March 26, 1931. At that time, according to the findings of the trial court, the town "refused to pay further charges for the hospital care and attention of said indigent, . . . and refused to support and maintain the plaintiff pursuant to the contract previously entered into; . . ." Reasons were assigned for this action of the town at the time, but these reasons do not affect the definiteness of the determination on the part of the town to be no longer bound to the respondent.

No bill of exceptions was settled in this case, and in its absence the sole inquiry is as to whether or not the findings support the judgment. The liability of the town to the respondent in this case ended when the contract ended. If the person remained indigent the town sustained under the law a liability to provide her with care and maintenance, but it was not obliged to continue her at the hospital of the respondent. There were ways in which respondent might have protected itself against further expense arising out of the maintenance of this particular person by bringing the matter to the attention of the proper authorities and proceeding as provided in sec. 49.03, Stats.

The law, as pointed out in *Patrick v. Baldwin,* 109 Wis. 342, 85 N. W. 274, does not permit a private party, at the expense of the town, to aid or relieve an indigent person without a contract to that effect existing between him and the town. The officers of appellant town duly terminated the arrangement theretofore existing between the town and the hospital under which the town was liable for the maintenance. This termination occurred March 26, 1931. The services

rendered thereafter by respondent were not so rendered under any contract or promise to pay therefor on the part of the town. This leaves the respondent without remedy against the town for the services rendered after that date.

*By the Court.*—Judgment of the county court reversed, and the cause remanded with directions to dismiss plaintiff's complaint.