JOACHIM, Respondent, vs. MADISON DENTAL CLINIC, Appellant.

*October 9—November 6, 1934.*

For the appellant there was a brief by *Bull, Biart & Bieberstein,* attorneys, and *La Follette, Rogers & Roberts* of counsel, and oral argument by *Nat. B. Biart* and *W. Wade Boardman,* all of Madison.

For the respondent there was a brief by *Stephens, Sletteland & Sutherland,* and oral argument by *A. E. Kilmer,* all of Madison.

FAIRCHILD, J. The respondent, in endeavoring to collect a judgment which had been entered in his favor January 23, 1932, against one E. A. Prouty for $778.52, sought discovery of property belonging to Prouty and evidently intended to avail himself of the remedies afforded by sec. 273.02, Stats.

The complaint and a temporary injunction were served on the appellant April 4, 1932. The order accompanying the summons and complaint directed the appellant to show cause why it should not refrain from transferring or disposing of any moneys, debts, or choses in action then belonging to the said Prouty, and appellant was restrained, in the meantime, from paying out or transferring moneys due to Prouty. A proper undertaking accompanied the injunctional order.

The complaint upon which the action supplementary to execution is based was not carefully drawn, but appellant did not see fit to raise any one of several objections it now claims existed. A cause of action defectively stated but showing a cause may be cured by findings or verdict. The court had jurisdiction of the parties and of the subject-matter. *Harrigan v. Gilchrist,* 121 Wis. 127, 223, 99 N. W. 909; *Cline v. Whitaker,* 144 Wis. 439, 129 N. W. 400. As stated in the *Cline Case:*

"It should be understood that if in a given situation there is any valid ground upon which a temporary injunctional order might, under any circumstances, be issued, though none be stated in the complaint and such an order is nevertheless allowed, it is not void. In case of the person restrained being so circumstanced as to be bound to submit if it is not void, he must, in the main, at least, look to the order only. If that is good on its face, in that it relates to a subject within the jurisdiction of the court, and otherwise appears regular, the duty to obey is plain. The person enjoined has no right to shape his course by merely what the complaint discloses. It may not state any cause of action and yet be subject to amendment in that regard. The complaint may not state facts warranting relief for which a temporary injunctional order is incidental, and yet such facts exist. The one enjoined cannot pass upon any of such questions and obey or defy the court according to his decision."

Appellant had sufficient opportunity to object to the restraining order. Failure to do so amounted to a waiver of any objections which he might have had. *Hollins v. Brier-*

*field Coal & Iron Co.* 150 U. S. 371, 14 Sup. Ct. 127. Although the complaint and injunctional order were duly served and the appellant appeared in the action, no answer or demurrer was interposed. Notice of trial and that an application for judgment would be made at a regular term of the circuit court on the 18th day of November, 1933, was served upon the attorney for the appellant on the 10th of November, 1933.

In this case there is no bill of exceptions and we therefore assume that every fact essential to sustain the judgment recovered was proved upon the trial. *Weyerhaeuser v. Earley,* 99 Wis. 445, 75 N. W. 80; *Knutson v. Munson,* 211 Wis. 535, 248 N. W. 440. Reference to the findings discloses that the judgment in the original action was recovered January 23, 1932; that $778.52 was due thereon at the time this action against the appellant was begun; that the restraining order was served upon the appellant April 4, 1932; that this order required the appellant to hold in its possession moneys then due from it to the said Prouty; that the appellant had money owing to Prouty at the time the injunctional order was served upon it; that thereafter the appellant did pay over to the said Prouty sums of moneys in violation of the order; and that the money so paid amounted to a sum in excess of the amount of the judgment in the original action. The court directed judgment against the appellant in favor of the respondent for the amount of the original judgment together with costs.

The appellant contends that the judgment was wholly unauthorized, but, as the findings in this record are controlling and sustain the judgment, it cannot be disturbed. The appellant was represented at the trial. At the conclusion of that trial the court made its findings, and, being then satisfied by what had occurred that the appellant had rendered itself liable to pay to respondent the sum involved, gave judgment for

that amount. Secs. 269.07 and 273.08, Stats. The record discloses no claim of an interest on the part of the appellant in this particular amount, nor does it show any denial by it of the debt to Prouty; on the contrary, it shows money was due from appellant to Prouty when this action was started. The occasion for appointing a receiver did not exist. The judgment as entered required that money due from the appellant to the judgment debtor Prouty be applied in satisfaction of respondent's judgment against Prouty.

*By the Court.*—Judgment and order affirmed.