JOACHIM, Respondent, vs. WISCONSIN DENTAL CLINIC, INC., Appellant.

*June 6—June 24, 1935.*

*Frank R. Bentley* and *Edward L. Kelley,* both of Madison, for the appellant.

For the respondent there was a brief by *Stephens, Sletteland & Sutherland,* and oral argument by *A. E. Kilmer,* all of Madison.

FOWLER, J.    Sec. 274.12, Stats., provides that when two or more parties are jointly or severally bound by a judgment and one of them appeals, the one appealing shall serve his notice of appeal on the other, and the other shall, if he wishes the judgment reviewed, then serve his notice of appeal within thirty days from such service, and if he does not so serve it, he shall be deemed to have waived his appeal.

The defendant Wisconsin Dental Clinic, Inc., was severally bound with the Madison Dental Clinic by the judgment appealed from herein.   The Madison Dental Clinic appealed and the judgment was reviewed by the court on its appeal.   That case is reported in 216 Wis. 261, 257 N. W. 143.   Whether the Madison Dental Clinic served its notice of appeal on the Wisconsin Clinic does not appear herein, and the record in that case has been returned to the circuit court.   The notice of appeal in the instant case was not served on the Madison Dental Clinic.

Under the terms of the statute cited, the appellant's attempted appeal cannot be entertained by the court for want of jurisdiction.   If the appeal of the Madison Clinic was properly perfected, notice of its appeal was served on the Wisconsin Clinic, and the Wisconsin Clinic waived appeal by not serving its notice thereof within thirty days from the time of such service.   If we assume that the Madison Clinic served its notice of appeal on the Wisconsin Clinic, the Wisconsin

Clinic's appeal should be dismissed because it waived appeal. If we do not so assume the appeal herein is ineffectual because not served on the Madison Clinic, and we should dismiss the appeal for that reason. The Wisconsin Clinic is thus impaled on one horn of the dilemma or the other, and its appeal must be dismissed.

We are fully aware that application of the rule made in the instant case might work hardship in a case where the one party jointly or severally bound by the judgment was not served with notice of the appeal by the other and had no knowledge of the other's appeal. But here Prouty, a defendant in the action, was president of both corporations, and necessarily had knowledge of the former appeal, and his knowledge was knowledge of the appellant. It is said in *American Wrecking Co. v. McManus,* 174 Wis. 300, 311, 181 N. W. 235, 183 N. W. 250, respecting the statute governing the procedure in case of parties jointly or severally bound by a judgment that—

"The object of this procedure is manifestly to do away with successive appeals from a judgment by different parties 'jointly and severally bound' by it. Such successive appeals would permit of a practice which would lead to an abuse of this court's jurisdiction."

That the court's jurisdiction has been abused in the instant case is quite apparent. We therefore dismiss the appeal without consideration of the case on the merits.

Our attention has been called to a misstatement in the opinion in the former case. It is there said that—

"In this case there is no bill of exceptions and we therefore assume that every fact essential to sustain the judgment recovered was proved upon the trial."

The words "judgment recovered" were obviously used inadvertently for the word "findings." This appears from the citations immediately below the statement, which refer to

findings, not judgments. It also appears from the statement at the commencement of the next paragraph of the opinion:

"The appellant contends that the judgment was wholly unauthorized, but, as the findings in this record are controlling and sustain the judgment, it cannot be disturbed."

The manifest meaning of the two statements quoted is that as the findings support the judgment, and there is no bill of exceptions, it must be assumed that the evidence supports the judgment.

*By the Court.*—The appeal is dismissed.