STATE EX REL. ROBERTS COMPANY and another, Petitioners,
vs. BREIDENBACH, Circuit Judge, Respondent.

*April 3—June 22, 1936.*

For the petitioners there was a brief by *Rouiller, Dough-erty, Arnold & Kivett* of Milwaukee, and oral argument by *Suel O. Arnold.*

For the respondent there was a brief by *Bitker, Tierney & Puchner* of Milwaukee, and oral argument by *Joseph E. Tierney.*

The following opinion was filed April 28, 1936:

FAIRCHILD, J.   The judgment and mandate to be considered is one entered in *Read v. Agricultural Ins. Co.* 219 Wis. 580, 263 N. W. 632.   The mandate reads:

"Judgment reversed, and cause remanded with directions to dismiss plaintiff's complaint."

The mandate is not ambiguous on its face, nor is any confusion as to its scope and meaning imported by an examination of the opinion or record.   All questions to be reviewed were brought to this court by appeal from the circuit court. In passing upon the record we found there was no appeal taken from the ruling below setting aside the findings in which the jury found the agent of the Roberts Company guilty of misrepresentation as to the coverage clause of the policy, and directing the dismissal of the complaint as against the Roberts Company.   That ruling then became final.   Sec. 274.12, Stats.   If an appeal is not taken when the situation required it, in order to challenge a judgment or order, the right will be deemed to have been waived.   *Joachim v. Wisconsin Dental Clinic,* 219 Wis. 35, 261 N. W. 745; *American Wrecking Co. v. McManus,* 174 Wis. 300, 316, 181 N. W. 235, 183 N. W. 250.

Mr. Read commenced his action against the petitioners in the circuit court for Milwaukee county.   The complaint set forth two causes of action.   In the first, plaintiff sought to recover damages caused by the sinking of his yacht, his claim being based on a policy of marine insurance solicited by an agent of the Roberts Company, and issued by the Agricultural Insurance Company.   In the second cause of action,

he alleged that the agent who solicited the policy made false representations in respect to the coverage of the policy, and prayed recovery in the alternative. No recovery was sought against the Roberts Company unless recovery was denied under the insurance policy. The action was tried to a court and a jury. In a special verdict, the jury assessed plaintiff's damages at $2,700, and found that the agent of the Roberts Company had made false representations at the time he solicited the policy; that the plaintiff believed such representations, relied thereon, was justified in such reliance, and accordingly purchased the insurance. The trial court determined that, as a matter of law, the policy issued did cover loss under the circumstances disclosed, and, therefore, that the representations made by the agent of the Roberts Company "must have been immaterial." Read moved for judgment on the verdict. The trial court entered judgment dismissing the complaint as to the Roberts Company, and gave judgment for the sum of $2,700 against the Agricultural Insurance Company.

The Agricultural Insurance Company appealed to this court from the judgment against it, in favor of Read. There was no appeal by the Roberts Company. Mr. Read did not take a cross-appeal from the judgment dismissing the complaint as to the Roberts Company, and did not serve any notice of review under sec. 274.12, Stats. Mr. Read began his action framing his complaint so as to gain the advantages afforded by sec. 270.54, Stats. His proposition is stated in the following paragraph in the brief of respondent filed in this matter, to wit:

"The causes of action set out in the complaint against the defendants were dissimilar and were expressed in the alternative, and a judgment or determination in either cause of action could not and did not affect the other, except of course plaintiff could not have judgment against both defendants."

This can be but partially true, for, when the trial court, in passing on motions after verdict, ruled that the policy did

cover the loss, it necessarily then determined that there had been no misrepresentation by the agent of the Roberts Company. The state of the record is such that the rights of the Roberts Company stand now as they did under the judgment entered by the circuit court when it was there discharged of liability. The judgment has never been changed. On the appeal, the judgment was brought here, and, with the exception of a right to move for a new trial within the proper time upon the ground of newly-discovered evidence, those portions of the judgment below not appealed from became final and cut off as effectively as any other method of limitation could cut off the right of review. Mr. Read, the plaintiff in that action, was not obliged to abandon his alternative claim upon the appeal, and he is now faced with a valid and fixed dismissal of a complaint. All appeals from the same judgment are "to be taken speedily, to the end that all complaints against the judgment may be heard at one and the same time in this court, and disposed of by a single mandate." *American Wrecking Co. v. McManus, supra; Spohn v. National Fire Ins. Co.* 190 Wis. 446, 209 N. W. 725.

In the opinion in this court, after concluding that the damages to Mr. Read's boat were not covered by the policy, it was said:

"It is urged by the plaintiff that in the event of such a holding, the record be remanded for further proceedings upon the second cause of action. Plaintiff did not appeal from the portion of the judgment dismissing the complaint as to the Roberts Company, agent and codefendant of the defendant insurance company, and the Roberts Company is not a party to this appeal. Nor has there been filed a motion to review. Under these circumstances, the only matter before the court upon this appeal is the judgment in plaintiff's favor upon the policy."

Whatever implications there are in respondent's favor in the opinion, arise out of the portion last quoted to the effect that "the only matter before the court upon this appeal is the judgment in plaintiff's favor upon the policy." It is argued

that this constitutes a limitation on the scope of the opinion, and that the mandate must be construed in accordance with this limitation. While the language may lend itself to such an argument, an examination of the entire opinion makes it plain that a failure to take a cross-appeal was considered by the court to foreclose every right by Mr. Read to have the record remanded for further proceedings on the second cause of action. Since it was determined that plaintiff in that action had no right to recover on the insurance policy, and that the failure to file a cross-appeal ended any right to disturb the judgment of dismissal against the Roberts Company, the mandate provided for a dismissal of plaintiff's complaint. Thus the opinion does not, as before stated, create any ambiguity in the otherwise unambiguous mandate.

The case is materially different from the case of *Falk v. Wisconsin Tax Comm.* 204 Wis. 518, 235 N. W. 925, where it was plain from the examination of the opinion that the issues under consideration were much narrower than the terms of the mandate indicated.

The waiver of the appeal with respect to the ruling affecting the Roberts Company leaves no right to review that part of the judgment, and that ruling is final. Any other procedure will break down the practice which has been built up with the purpose of doing away with piecemeal appeals to this court.

*By the Court.*—Let the writ issue as prayed for in the petition.

FRITZ, J., dissents.

A motion for a rehearing was denied, with $25 costs, on June 22, 1936.