CEDAR POINT PARK ASSOCIATION, Respondent, vs. LENNEY, Appellant.

*September 12—October 10, 1939.*

The cause was submitted for the appellant on, the brief of *Lyman K. Arnold* of Elkhorn, and for the respondent on that of *Charles E. Lyon* of Elkhorn and *Olin & Butler* of Madison.

FRITZ, J. The plaintiff and respondent noticed a motion to dismiss the appeal herein on the ground that the defendant, Michael T. Lenney, has not served his notice of appeal upon his codefendant, Helen A. Lenney, who is jointly bound by the judgment appealed from, as is required by the provision in sec. 274.12, Stats., that—

"In case one of a number of parties jointly or severally bound by the same judgment appeals therefrom, he shall serve his notice of appeal on all parties who are bound with him by the judgment."

As Michael T. Lenney and his codefendant Helen A. Lenney were clearly jointly bound by provisions in the judgment from which he attempted to appeal without having her join with him in his notice of appeal, and without any service thereof upon her or a representative of her estate, his appeal has not been perfected so as to confer jurisdiction on this court. *Stevens v. Jacobs,* 226 Wis. 198, 275 N. W. 555, 276 N. W. 638; *Joachim v. Wisconsin Dental Clinic,* 219 Wis. 35, 261 N. W. 745. Consequently the respondent's motion for the dismissal of the appeal must be granted.

As no jurisdiction has been conferred upon this court, no relief can be granted on Michael T. Lenney's countermotion in this court for leave to change the title of the action by excluding the name of Helen A. Lenney as a defendant and

appellant, and to permit him to continue and prosecute his appeal. He bases that motion upon an affidavit that Helen A. Lenney, who was his wife, died October 15, 1938, after the entry of the judgment appealed from; that his notice of appeal was served on the respondent on December 28, 1938; that he, as survivor, succeeded to his wife's interest in the lands, which were owned by them as joint tenants and were adjudged herein to be subject to sale on foreclosure to satisfy the maintenance liens in question; that he took the appeal in good faith, but through mistake and accident failed to obtain an order excluding Helen A. Lenney as a defendant, and directing that the action continue in his name. Neither good faith in attempting to take an appeal, which, however, has not been perfected by service of notice thereof upon all parties who are bound with the appellant by the judgment, nor the death of one of the parties between the time of the entry of judgment and the time of the service of a notice of appeal constitutes a ground for relieving an appellant from the consequence of his noncompliance with the statutory requirement to serve his notice of appeal upon all parties bound with him by the judgment. *Stevens v. Jacobs, supra.* In that case we stated that the legislature might properly make provision against the defeat under such circumstances of an appeal attempted in good faith, but that the court cannot supply remedial legislation.

*By the Court.*—Appeal dismissed.