MILLER, Respondent, vs. MILLER, Defendant: TESSMANN, Executrix, Intervening Defendant and Appellant.

*April 14—May 18, 1943.*

For the appellant there was a brief by *Hooker & Wagner* of Waupun, and oral argument by *W. A. Wagner*.

For the respondent Laura Miller there was a brief by *Lueck, Skupniewitz & Lueck* of Beaver Dam, and oral argument by *Arthur W. Lueck*.

FOWLER, J.   In this case there is a motion to dismiss the appeal because one of the parties to the judgment against whom the intervening appellant demanded relief was not served with notice of the appeal.

The judgment appealed from is one dismissing the cross complaint of the intervening defendant, on the merits, upon hearing.   The case is for foreclosure of a land contract.   The intervenor is the executrix of the estate of Nettie Burbach, deceased.   The land contract in suit was by the will of Jacob Burbach, husband of Nettie Burbach, bequeathed for the use of said Nettie Burbach during her life and upon her death to the plaintiff, a daughter of said Jacob Burbach.   The land

contract was by Jacob Burbach, vendor, to Louis H. Miller, husband of the plaintiff. During the lifetime of Nettie Burbach, Louis Miller paid no interest on the land contract. The intervenor asks judgment for this interest from both the plaintiff and her husband, Louis Miller. The intervenor served the notice of appeal upon the plaintiff only.

Sec. 274.11, Stats., provides that the notice of appeal must be served on the "adverse party." The term "adverse party" includes every party whose interest on the face of the judgment is adverse to the interest of the appellant. Louis Miller was such a party the same as the plaintiff. The notice must be served on every party whose interest is adverse to the interest of the appellant or this court is without jurisdiction. Secs. 274.11, 274.12; *Stevens v. Jacobs,* 226 Wis. 198, 201, 275 N. W. 555, 276 N. W. 638; *Haas v. Moloch Foundry & Machine Co.* 231 Wis. 529, 532, 286 N. W. 62; *Estate of Pitcher,* 240 Wis. 356, 360, 2 N. W. (2d) 729.

In a supplemental brief filed by consent of court subsequent to argument of the case before us, by a beneficiary under the will of Nettie Burbach, deceased, who would share in the recovery if the appellant prevailed, it is argued that because Louis Miller, defendant in the action to foreclose the land contract, made no answer or appearance therein, he by his such default made it unnecessary to serve any notice of appeal upon him. However, Louis Miller did appear pursuant to the order served upon him by the intervenor requiring him to show cause why she should not be permitted to intervene and present a cross complaint against him, and objected to the granting of the petition for intervention and to the granting of the relief against him therein prayed, and supported his objection by his affidavit setting forth that the intervenor was entitled to no relief against him. We think that, however it might otherwise be, which we do not consider, he was a necessary party to the appeal under our statute and the decisions above cited. He might be indifferent in plaintiff's

action to foreclose whether the interest claimed by the intervenor was included in the amount payable to his wife to entitle him to redeem, and still object to having the intervenor take judgment against him personally for the amount.

*By the Court.*—The appeal is dismissed.