BENTON and another, Respondents, vs. INSTITUTE OF POSTUROLOGY, INC., Defendant: SMELTS, Defendant and Appellant.

*September 15—October 12, 1943.*

515

For the appellant there were briefs by *Walter C. Knoblauch, Nathaniel D. Rothstein,* and *Roy O. Conen,* all of Milwaukee, and oral argument by *Mr. Rothstein.*

*David L. Fulton* of Appleton, for the respondents.

ROSENBERRY, C. J.   The plaintiffs moved to dismiss the appeal on the ground that the defendant Smelts did not serve his notice of appeal upon the defendant, Institute of Posturology, Inc., which was bound with him by the judgment in conformity with the provisions of sec. 274.12, Stats.   Sec. 274.12 provides:

"In case one of a number of parties jointly or severally bound by the same judgment appeals therefrom, he shall serve

his notice of appeal on all parties who are bound with him by the judgment, and said parties shall thereupon within thirty days after such service, unless the time be extended by the trial court for cause shown, take and perfect their own appeals or be deemed to have waived their right to appeal. . . ."

The defendant Smelts seeks to avoid the operation ot this statute on the ground that the Institute of Posturology, Inc., did not appear in the action and there are no grounds upon which it might appeal, and cites *Miller v. Miller* (1943), 243 Wis. 144, 9 N. W. (2d) 635, in support of his position. It is considered that *Miller v. Miller, supra,* does not support defendant's position. In that case the defendant Miller did appear and had a right to appeal and the court so held. So in this case while the appeal of the Institute of Posturology, Inc., might have been ineffective and avail it nothing, nevertheless it had the right to appeal. The statute provides that the notice of appeal must be served upon all parties jointly or severally bound with the appellant by the judgment. The Institute of Posturology, Inc., was so bound with the defendant Smelts. It was not served and the appeal must be dismissed.

The defendant argues in opposition to the motion to dismiss :

(1) That this court has the power under sec. 274.12, Stats., to bring in additional parties and if necessary that that power should be exercised to save the appeal in this case. The Institute of Posturology, Inc., is not an additional party but was a party to the original action, and under the statute the defendant Smelts was required to serve the Institute of Posturology, Inc., because it was bound by the judgment with him.

The defendant Smelts also seeks to avail himself of the provisions of sec. 269.37, Stats., which provide that—

"when a defendant shall not have appeared in person or by attorney service of notice or papers in the ordinary pro-

ceeding in an action need not be made upon him unless he be imprisoned for want of bail."

Ch. 269, Stats., is a part of title XXV and by the provisions of sec. 260.01, Stats., applies only to proceedings in the circuit court or other courts of record having concurrent jurisdiction therewith. By the terms of the statute this section has no application to matters pending in the supreme court.

We are compelled to dismiss this appeal under the terms of the statute. In *Stevens v. Jacobs* (1937), 226 Wis. 198, 275 N. W. 555, 276 N. W. 638, and in *Cedar Point Park Asso. v. Lenney* (1939), 232 Wis. 434, 287 N. W. 686, we have commented upon this statute and suggested that whether the statute should be amended was a matter for the legislature. Appeals being statutory in their origin, they confer a right which did not exist theretofore and for that reason cannot be dealt with by this court under its rule-making power. The provisions of sec. 274.12, Stats., under consideration here were adopted at a time when appeals might be taken within a year. That time has now been reduced to six months. In comparatively few cases are appeals finally heard in this court in less than six months. Still more rarely does it appear that appeals are taken by parties who have not appeared in the action. We suggest therefore that sec. 274.12, which requires that the notice of appeal be served upon all parties bound with the appellant, might be amended to read as follows:

"In case one of a number of parties jointly and severally bound by the same judgment appeals therefrom, he shall serve his notice of appeal on all parties who are bound with him by the judgment *and have appeared in the action,* and said parties shall thereupon," etc.

This is a matter of considerable importance to litigants. Sec. 324.01, Stats., relating to appeals from county court provides:

"324.01 (2) In counties having a population of over fifteen thousand any executor, administrator, guardian, trustee or any person aggrieved by any order or judgment of the county court may appeal therefrom to the supreme court, and the provisions of chapter 274 shall apply."

In order to have a good appeal from an order or judgment of the county court service must be made in accordance with the provisions of sec. 274.12, Stats. In many cases there are anywhere from ten to fifteen and in some cases as many as fifty parties who are bound by a judgment or order from which an appeal is sought to be taken. In addition to that, in those proceedings which are *in rem* the proceedings bind the world. In many cases it is practically impossible to comply with the statute. If parties do not take enough interest in an action or proceeding in which they have been served, to appear, it is quite probable that they will take no part in the appeal. However, if they do wish to appeal their right is not cut off because the notice of appeal is not served upon them. They would still have the right to appeal. While in isolated cases it may be that separate appeals may be taken in view of the shorter time within which appeals may be taken, in most cases the appeals can be heard together. In any event, it is better that some inconvenience be suffered rather than that parties be foreclosed of their right to appeal. This is by way of suggestion and we commend this matter to the attention of the legislature. In other cases, as in this case, injustice results from a misinterpretation of the statute by parties appealing and the consequent failure to serve in accordance with its provisions.

*By the Court.*—Appeal dismissed.