STELLOH, Appellant, v. LIBAN and others, Respondents.

*September 30—October 29, 1963.*

For the appellant there was a brief by *Dominic H. Frinzi* and *Nicholas C. Catania,* attorneys, and *Shellow & Shellow* and *James M. Shellow* of counsel, all of Milwaukee, and oral argument by *Mr. James M. Shellow* and *Mr. Frinzi.*

For the respondents there was a brief by *John J. Fleming,* city attorney of Milwaukee, and *George A. Bowman, Jr.,* assistant city attorney, and by *William T. Schmid,* city attorney of West Allis, and oral argument by *Mr. Schmid* and *Mr. Bowman.*

HALLOWS, J. The appeal comes before us without a bill of exceptions. Without a bill of exceptions, which is now designated a transcript of the reporter's notes by the new rules of this court, sec. 251.25, Stats., the scope of our review is necessarily confined to the record before us. *Nichols v. United States Fidelity & Guaranty Co.* (1961), 13 Wis. (2d) 491, 109 N. W. (2d) 131. Obviously, if no testimony is preserved on appeal, this court is powerless to review a question of fact dependent upon it or to determine the sufficiency of the evidence to support the verdict or the findings. In such cases we have said the only question is whether the judgment is supported by the pleadings and the findings or the verdict, *Weyerhaeuser v. Earley* (1898), 99 Wis. 445, 75 N. W. 80; *Parke, Austin & Lipscomb, Inc., v. Sexauer* (1931), 204 Wis. 415, 235 N. W. 785; or whether the findings support the judgment, *St. Joseph's Hospital v. Withee* (1932), 209 Wis. 424, 245 N. W. 128. See also cases in 6 Callaghan's, Bryant, Wisconsin Pleading and Practice (3d ed.), p. 500, sec. 52.85. However, in this case the question raised is one of law, discussed and decided in the written opinion of the trial court which is a part of the record before us. The question may thus be considered by this court within the limitations of the record.

The main issue in the trial below was whether probable cause existed for the arrest of the plaintiff. As part of the basis for probable cause the police officers were permitted to testify concerning statements made to them by undisclosed informants. These statements had to do with linking the plaintiff to an abduction and murder of a citizen of Milwaukee about a month earlier and which crime was still unsolved. The trial court sustained the admissibility of this evidence without requiring a disclosure of the identity of the informers and gave no instruction to the jury to disregard this testimony. The plaintiff contends that where the police officers assert that probable cause for the arrest is founded upon information of informants, he is entitled to the production of the names of the informants so their reliability may be tested or in the alternative their names and such evidence of their reliability should be presented to the court *in camera* so such reliability may be determined by the court. Implicit in the problem is the question of whether there were in fact informants and if so whether such informants were sufficiently reliable so that their information under the circumstances could constitute a basis, either alone or together with what was known to the police, of reasonable cause for the arrest.

The defendants argued no error was committed by the trial court in refusing to allow a disclosure of the names of the informants by the police and in any event the denial was not prejudicial to the plaintiff as there were other grounds for the arrest. These grounds appear in the answer which alleges a citizen of Milwaukee was abducted and murdered in January of 1960 and the defendants were assigned to investigate and apprehend the murderer. Clues were discovered which tended to link the plaintiff with that abduction and murder, and a constant surveillance was maintained by the West Allis and Milwaukee police officers of the plaintiff who was a convict on parole. The plaintiff

was suspected because of his conduct in violation of his parole, and in the early morning of February 4th he was seen leaving a downtown restaurant with a woman and driving to his apartment in the city of West Allis. A short time thereafter the lights were extinguished; the police were informed the woman was married to another person. At about 5:15 a. m., at the insistence of the defendants the plaintiff allowed the defendants to enter his apartment and he was thereupon arrested.

It is true this court will assume in the absence of a transcript of the evidence that every fact essential to sustain the judgment was proved upon the trial. *Joachim v. Madison Dental Clinic* (1934), 216 Wis. 261, 257 N. W. 143; *Madison v. Chicago, M., St. P. & P. R. Co.* (1958), 2 Wis. (2d) 467, 87 N. W. (2d) 251. But the instant case is complicated because the defendant after his arrest was charged with a misdemeanor which he successfully defended and the issue below involved a justification for an arrest for a felony or for violation of his parole.

Perhaps the case was not tried for an arrest of a misdemeanor without a warrant because such an arrest could not be justified on the facts. It could hardly be claimed the plaintiff would "not be apprehended unless immediately arrested" which is an alternative requirement in addition to "reasonable grounds to believe that the person to be arrested has committed a misdemeanor." Sec. 954.03, Stats. No such limitation qualifies the common-law rule for an arrest without a warrant for a felony. At the time of the arrest the defendants did not state to the plaintiff with what he was charged. There apparently was some talk of various grounds but the trial court's opinion points out the arresting officer did not explicitly state the reason for the arrest. However, the lack of such statement does not necessarily invalidate the arrest but it may be taken into consideration

in determining probable cause. An arrest without a warrant for a felony is valid if there are reasonable and probable grounds of suspicion or to suspect that the person arrested has committed a felony. *State v. Phillips* (1952), 262 Wis. 303, 55 N. W. (2d) 384. Reasonable grounds to believe means "a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused guilty." The word "suspicion" does not mean mere suspicion. *State v. Cox* (1950), 258 Wis. 162, 167, 45 N. W. (2d) 100; 4 Am. Jur., Arrest, p. 18, sec. 25; 6 C. J. S., Arrest, p. 584, sec. 6. Nor does probable cause, or as sometimes stated "reasonable cause to believe," depend upon the outcome of the subsequent prosecution resulting from the arrest. Probable and reasonable cause in this case depended upon the fact information given to the police and its sufficiency and the reliability of the informants.

The plaintiff admits, as well he must, that there exists a privilege based on public policy on behalf of the government not to disclose the names of the informers. This is a general rule in criminal cases. 8 Wigmore, Evidence (McNaughton rev.), p. 761, sec. 2374; see also Anno. 76 A. L. R. (2d) 262. The basis for the privilege is grounded upon the duty of every citizen to aid in the enforcement of the law. To encourage such citizen participation in law enforcement, it is essential the informer's identity not be disclosed. Regardless of the informer's motive, he is entitled to protection for "himself and his family from harm, to preclude adverse social reactions and to avoid the risk of defamation or malicious prosecution actions against him." * In addition, the government has an interest in nondisclosure of informers because of the use of professional informers whose usefulness would be terminated by disclosure. Wigmore, Evidence, *supra,* page 762.

---

* Wigmore, Evidence, *supra,* p. 762.

However, the privilege is not absolute and has limitations. It has been said the court may compel disclosure "if it appears necessary in order to avoid the risk of false testimony or in order to secure useful testimony," Wigmore, Evidence, *supra,* page 768, or if the disclosure "is useful evidence to vindicate the innocence of the accused or lessen the risk of false testimony or is essential to the proper disposition of the case." *Wilson v. United States* (1932), 59 Fed. (2d) 390, 392. It has also been stated, in reference to impeachment of an officer's justification of an arrest, "A defendant should not be bound by the officer's statement that a charge had been made, and, unless the source of the charge was ascertained, neither its good faith nor reality could well be challenged." *Smith v. State* (1936), 169 Tenn. 633, 637, 90 S. W. (2d) 523; see also *Shields v. State* (1954), 197 Tenn. 83, 270 S. W. (2d) 367. A distinction is made by the Ninth circuit in *Sorrentino v. United States* (9th Cir. 1947), 163 Fed. (2d) 627, to the effect that if a person is no more than an informer his identity need not be disclosed, but if he is involved in the crime, disclosure should be made. The American Law Institute, Model Code of Evidence, p. 168, Rule 230, provides a witness having the privilege of refusing to disclose the identity of an informer need not do so unless the identity of the informer has already been otherwise disclosed or the disclosure is essential to assure a fair determination of the issues.

The more-recent cases indicate the matter of disclosure of an informant is within the discretion of the trial court [1]

[1] *Miller v. United States* (5th Cir. 1959), 273 Fed. (2d) 279; *Dixon v. State* (1958), 39 Ala. App. 575, 105 So. (2d) 354; *People v. Smith* (1958), 166 Cal. App. (2d) 302, 333 Pac. (2d) 208; *People v. McMurray* (1959), 171 Cal. App. (2d) 178, 340 Pac. (2d) 335; *State v. Hardy* (Fla. 1959), 114 So. (2d) 344; *Hodges v. State* (1958), 98 Ga. App. 97, 104 S. E. (2d) 704; *People v. Mack* (1957), 12 Ill. (2d) 151, 145 N. E. (2d) 609; *Brewster v. Commonwealth* (Ky. 1955), 278 S. W. (2d) 63; *Arredondo v. State* (Tex. Crim. App. 1959), 324 S. W. (2d) 217.

and, as the trial court stated in its memorandum decision, involves a balancing of the interests of the public and the rights of the person arrested. While most of the cases on this point involved a criminal action where the defendant's innocence was at stake, the general rule of privilege applies to civil cases. The troublesome question is whether the exceptions also apply with equal force.

The plaintiff would apply the exceptions to civil suits where the justification of the arrest is at issue and relies on *Roviaro v. United States* (1957), 353 U. S. 53, 77 Sup. Ct. 623, 1 L. Ed. (2d) 639, and *McDonald v. United States* (1948), 335 U. S. 451, 69 Sup. Ct. 191, 93 L. Ed. 153. Neither case involves the applicability of the exceptions of the general rule to civil cases.

We hold the privilege of nondisclosure of identity applies to a civil suit for the same reason it exists in a criminal action. However, the exceptions which prevail in a criminal action do not have as sound a basis in a civil suit. True, a man's purse is important but his liberty and innocence command greater recognition on the scale when balancing the various elements of public policy in a given case. In exercising its discretion a trial court should not require the police to breach a confidence upon which the information was given. The court should first determine whether a confidential relationship existed between the informer and the police and whether the information would not have been given except for reliance upon the nondisclosure of the informant's identity. There may be cases where no confidential relationship between the police and the informer exists and other circumstances may exist which indicate no serious harm would be done to the enforcement law by the disclosure. The plaintiff in a false-arrest case has a right to test the credibility of the police officer and the reliability of the informer, but in a confidential-relationship situation the identity of the informer must not be disclosed unless such

informer has been used by the government as a witness or his identity has been otherwise disclosed.

An alternative suggestion by the plaintiff to protect the public interest justifying nondisclosure and the public interest in a fair trial for an arrested person involves the *in camera* technique whereby the identity and the evidence of trustworthiness of the informer would be submitted to the court as a part of the process of exercising its discretion. We would add to this suggestion the issue of confidence. For an analogy, the plaintiff relies principally on *Jencks v. United States* (1957), 353 U. S. 657, 77 Sup. Ct. 1007, 1 L. Ed. (2d) 1103, which held the accused was entitled to the inspection of reports made to the government by two government witnesses of the activities allegedly participated in by the accused. There was a difference of opinion over the adequacy of *in camera* inspection to protect the accused. As a result, Public Law 85–269, 85th Congress, which amended 18 U. S. C., ch. 223, added a new section, sec. 3500, which provided in criminal prosecutions brought by the United States, no statement or report made to the government is subject to discovery or inspection until the witness has testified on direct examination at the trial; but after such witness has testified, the court on motion of the defendant could order the production of any statement relating to the witness' testimony. If a part of the statement does not relate to the subject matter of the testimony, the court must order the statement for the inspection of the court *in camera* and shall excise such portions of the statement which do not relate to the testimony and deliver the balance of the statement to the defendant for his use. If the United States elects not to comply with such an order, the court shall strike from the record the testimony of the witness.

Wisconsin has no statutory procedure for *in camera* inspection, but the procedure has been approved in a case involving trade secrets in order to preserve them from dis-

closure to the general public. *State ex rel. Ampco Metal v. O'Neill* (1956), 273 Wis. 530, 78 N. W. (2d) 921; 62 A. L. R. (2d) 501. Similarly, in a false-arrest case where disclosure of the identity of the informer is demanded and the privilege of nondisclosure is claimed, the trial court has the inherent power, which it may exercise in its discretion, to hear *in camera* the testimony of the confidence upon which the information was given and of the reliability of the informer. In adapting the *in camera* technique to such a case, the court should not, of course, permit the attendance of the plaintiff and his attorney.

Within the limited scope of this review, we cannot hold as a matter of law the trial court was in error in sustaining the privilege of the defendants not to disclose the identity of their informers; the judgment must be sustained.

*By the Court.*—Judgment affirmed.