THE STATE, Respondent, vs. HEINEMANN, Appellant.

*September 9 — September 29, 1891.*

*Constitutional law: Police power: Regulating practice of pharmacy.*

Sec. 12, ch. 167, Laws of 1882, as amended by sec. 3, ch. 460, Laws of 1887, imposes a penalty upon any person, not being or not having in his employ a registered pharmacist, who shall keep a pharmacy

| | |
|---|---|
| 80 | 253 |
| 92 | 598 |
| 80 | 253 |
| 95 | 157 |
| 80 | 253 |
| 111 | 436 |
| 111 | 437 |
| 80 | 253 |
| 114 | 540 |
| 114 | 547 |
| 80 | 253 |
| 115 | 35 |

store or shop for retailing, compounding, or dispensing medicines. To become a registered pharmacist one must possess certain qualifications, and must obtain a certificate from the state board of pharmacy, paying a fee fixed by that board, not exceeding $2. *Held*, that the act is a valid exercise of the police power; that it does not deprive any one of his property without due process of law; and that the powers vested in the board of pharmacy might properly be granted to it by the legislature.

APPEAL from the Circuit Court for *Outagamie* County.

The defendant was convicted in justice's court of having, on September 20, 1887, at the city of Appleton, in the county of Outagamie, Wis., kept a pharmacy store or shop for retailing, compounding, and dispensing drugs, medicines, and poisons, and, not being and not having in his employ a registered pharmacist, of having sold at the time and place named drugs, medicines, and poisons, contrary to the provisions of ch. 460, Laws of 1887. Upon appeal to the circuit court from the judgment therein, the case was retried in the circuit, when he was again convicted for the same offense, and upon such conviction judgment was entered in favor of the plaintiff and against the defendant for the sum of $50 penalty, and $38 costs, and, in default of payment, that the defendant be imprisoned in the common jail of that county for the period of thirty days. From that judgment the defendant appeals.

The cause was submitted for the appellant on the brief of *Henry D. Ryan*, and for the respondent on that of *Fethers, Jeffris & Fifield*.

For the appellant it was contended, *inter alia*, that having been an old, experienced, and competent druggist in this state when the pharmacy law was enacted, he had a vested right to carry on his occupation. *State ex rel. Voight v. Hoeflinger*, 31 Wis. 257. His property cannot be taken without due process of law. *State ex rel. Larkin v. Ryan*, 70 Wis. 676. The delegation of powers by the legislature

to a private body of citizens is void. *Slinger v. Henneman,* 38 Wis. 504.

Counsel for the respondent cited, as to laws regulating the practice of pharmacy: *State v. Donaldson,* 41 Minn. 74; *People v. Moorman,* 86 Mich. 433; *People v. Rontey,* 4 N. Y. Supp. 235; *S. C.* 6 N. Y. Crim. Rep. 249; *Haas v. People,* 27 Ill. App. 416; *Cook v. People,* 125 Ill. 278; *State v. Forcier,* 17 Atl. Rep. (N. H.), 577; *Braniff v. Weaver,* 72 Iowa, 641. As to laws regulating the practice of medicine: *People v. Phippin,* 70 Mich. 6; *State v. Fleisher,* 41 Minn. 69; *Eastman v. State,* 109 Ind. 273; *Richardson v. State,* 47 Ark. 562; *Dent v. West Virginia,* 129 U. S. 114. As to laws regulating the practice of dentistry: *Gosnell v. State,* 53 Ark. 228; *Wilkins v. State,* 113 Ind. 514.

CASSODAY, J. The only defense here claimed is that sec. 12, ch. 167, Laws of 1882, as amended by sec. 3, ch. 460, Laws of 1887, imposing the penalty for the offense named, is unconstitutional and void. These acts, at the time named, in effect required that every person keeping a pharmacy store or shop for retailing, compounding, and dispensing drugs, medicines, and poisons should be a registered pharmacist, or have in his employ a registered pharmacist; and that, if such keeper permitted the vending of drugs, medicines, or poisons in his store or place of business, except under the personal supervision of a registered pharmacist or registered assistant pharmacist, then he should be liable to a penalty of $50. To become such registered pharmacist, or registered assistant pharmacist, required the qualifications prescribed in the acts, to be ascertained as therein provided, and the payment of a registration fee in an amount to be fixed by the board of pharmacy, not exceeding $2. The first act gave one half of the penalty recovered to such board, and the other half "to the school fund of the county in which the suit was prosecuted and judg-

The State vs. Heinemann.

ment obtained." Sec. 15, ch. 167, Laws of 1882. But the second act, under which the case at bar is prosecuted, provides that "all penalties collected under the provisions of this act shall inure to the school fund of the state." The question, therefore, as to the validity of the act by reason of any diversion of the penalties from the school fund does not arise.

The first objection of the learned counsel for the defendant is that the acts require all druggists in the state to register, regardless of their competency or experience in the business, and subjects each to an annual license fee of $2. The real purpose of the law seems to be to prevent any drugs, medicines, or poisons from being put up and sold in such store or shop, except by or under the supervision of a person of the requisite qualifications, to be ascertained in the manner prescribed. Was it not within the power of the legislature to thus protect the health and lives of citizens throughout the state from improper, dangerous, and destructive compounds, put up by incompetent or inefficient persons? All courts agree that the police power of the state extends to all regulations affecting the lives, limbs, health, comfort, good order, morals, peace, and safety of society, and hence may be exercised on many subjects and in numerous ways. *Baker v. State*, 54 Wis. 372; *State ex rel. Larkin v. Ryan*, 70 Wis. 681. In speaking of such power, Mr. Justice FIELD, in a recent case, said: "The possession and enjoyment of all rights are subject to such reasonable conditions as may be deemed, by the governing authority of the country, essential to the safety, health, peace, good order, and morals of the community. Even liberty itself, the greatest of all rights, is not unrestricted license to act according to one's own will. It is only freedom from restraint, under conditions essential to the equal enjoyment of the same right by others. It is then liberty regulated by law." *Crowley v. Christensen*, 137 U. S. 89.

The State vs. Heinemann.

This principle has been applied in many ways, and to a variety of vocations. Thus, it has been held that a state may require locomotive engineers therein to be examined and licensed by a board created for that purpose, and make it unlawful to operate without such license. *Smith v. Alabama,* 124 U. S. 465; *Nashville, C. & St. L. R. Co. v. Alabama,* 128 U. S. 96. So it has been held that a state may lawfully regulate the manufacture and sale of oleomargarine. *Powell v. Pennsylvania,* 127 U. S. 678, affirming *S. C.* 114 Pa. St. 265; *Comm. v. Weiss,* 139 Pa. St. 247; *People v. Arensberg,* 105 N. Y. 123. So it has been held that the state may lawfully require every practitioner of medicine therein to obtain a license from a state board created therefor, as evidence of his qualification to so practice, and make it unlawful to practice without first obtaining such license. *Dent v. West Virginia,* 129 U. S. 114; *Eastman v. State,* 109 Ind. 278, 58 Am. Rep. 400; *Williams v. People,* 121 Ill. 84. A similar rule has been applied to the practice of dentistry. *Gosnell v. State,* 52 Ark. 228; *State v. Vandersluis,* 42 Minn. 129; *State v. Creditor,* 44 Kan. 565. Also to persons engaged in the business of plumbing. *Singer v. State,* 72 Md. 464.

The case at bar was, in effect, recently decided in New Hampshire, where it was held that a statute of that state which required the retailer of drugs, medicines, etc., to submit to an examination and procure a license, is within the police power of the state, and is not a tax on the business, nor does it deprive of property without due process of law. *State v. Forcier,* 17 Atl. Rep. (N. H.), 577. In that case, as here, it was claimed that the fee required to be paid by the act rendered the same illegal, but the court said: "The fee of five dollars to be paid by the applicant for a license to engage in the business of an apothecary and druggist is merely an equivalent for the service rendered by the commissioners in making the examination and issuing the

The State vs. Heinemann.

license, and cannot be considered as a tax upon the business, or as depriving the applicant of his property without due process of law." *Ibid.* To the same effect is *Smith v. Alabama,* 124 U. S. 465; *Nashville, C. & St. L. R. Co. v. Alabama,* 128 U. S. 96.

The cases cited, especially those from the supreme court of the United States, overrule the defendant's objection, to the effect that he has been deprived of his property without due process of law, or denied the equal protection of the law, within the meaning of sec. 1 of the fourteenth amendment to the constitution of the United States. Due process of law, within the meaning of that section, is secured when the law operates on all alike, and no one is subjected to partial or arbitrary exercise of the powers of government. *Calwell v. Texas,* 137 U. S. 692.

So it is manifest from the authorities cited that the act in question is not open to the objection made by counsel, to the effect that it delegates legislative power to the board thereby created. The vesting of such and similar powers in boards created for the purpose has been quite common in the administration of the law, and is manifestly a legitimate exercise of legislative power. In addition to cases cited, see *Train v. Boston Disinfecting Co.* 144 Mass. 523; *Trageser v. Gray,* 73 Md. 250. To perform well the duties of a pharmacist requires special education and skill. The persons engaged in such service have intrusted to them the health and lives of the people, and hence they take upon themselves grave responsibilities. It is certainly within the province of the legislature to protect the public against the imposition of incompetency and inefficiency in such matters.

*By the Court.*— The judgment of the circuit court is affirmed.