STATE EX REL. HARRIS and others, Respondents, vs. KINDY
OPTICAL COMPANY, Appellant.

*May 7—September 10, 1940.*

For the appellant there were briefs by *Richardson, Robertson, Reeder & Stearns,* attorneys, and *Fraley N. Weidner* of counsel, all of Milwaukee, and oral argument by *Mr. Weidner.* *Samuil Nissenbaum* of Milwaukee, for the respondents.

A brief was also filed by *Kaumheimer, Alt & Likert* of Milwaukee, as *amicus curiæ*.

The following opinion was filed June 4, 1940:

FAIRCHILD, J.   Unless the appellant offends against the law by employing licensed and registered optometrists to assist in its business of serving its customers by adjusting glasses to their eyes, there is no ground for the complaint against it.   It admits that it does employ two licensed optometrists in its business.   It furnishes them certain devices and machines to be used by them, and it sells lenses to persons on prescriptions written by those employees.   Where glasses are found to be required, the prescription is made out and filled in the store of the appellant, but the price charged for the glasses is no more than where an examination is made by an optometrist not in appellant's employ.   Appellant has pursued this method in the sale of optical goods for many years.   There is no claim that when it began doing so prior to 1915 there was any legal objection to be interposed to that conduct.

In view of the conclusion upon the meaning of the statute, it is unnecessary to consider the effects of the judgment entered in the Dane county circuit court upon the present proceedings.

The law regulating optometry (now ch. 153, Stats.) was passed in 1915 (ch. 488, Laws of 1915).   Par. 12 of that chapter read in part: "Every person, firm or corporation engaging in the practice of optometry shall."   (Sec. 1435*f*—35, 12, Stats. 1915.)   In 1923 by a revisor's bill that portion of par. 12 just quoted was made to read "everyone practicing optometry shall."   (Bill No. 9, S., ch. 448, Laws of 1923; sec. 153.05 (5), Stats. 1923.)   This change was accompanied by the revisor's statement of its purpose.   The true use of the revisor's services is to simplify and make plain the

language of the statute. This is to be accomplished with careful and discriminating effort by which changes made are of arrangement and verbiage and to withdraw from the statutes and strike out temporary provisions. A revisor's bill does not change the law, unless the language used indicates that intention so clearly and explicitly that there is no room for interpretation. *Wisconsin Power & Light Co. v. Beloit,* 215 Wis. 439, 254 N. W. 119; *Muldowney v. McCoy Hotel Co.* 223 Wis. 62, 269 N. W. 655. There was in the revisor's bill no amendment of the substance of the statute.

Respondents' argument that corporations are not allowed to practice a profession by the employment of licensed operators is, in this case, under the infirmity that the kind and character of "profession" practiced by a corporation in employing skilled people is not prohibited. *Golding v. Schubach Optical Co.* 93 Utah, 32, 70 Pac. (2d) 871. Optometry is readily distinguished from a profession in the practice of which diseases of the eye are treated. It is a mechanical art requiring skill and knowledge of the use of instruments designed to measure and record the errors and deviations from the normal found in the human eye. Although certain standards of education are prescribed by the statute, optometry is not a part of the practice of medicine. *Silver v. Lansburgh & Bros.* (App. D. C.) 111 Fed. (2d) 518. An optometrist can be an employee. *Tetting v. Hotel Pfister, Inc.,* 221 Wis. 141, 266 N. W. 249; 1 Restatement, Agency, p. 494, § 223. Our legislature has dealt with optometry as a skilled calling, not as a profession involving a relation of special confidence between practitioner and patient. There has been no attempt to classify optometry so as to prevent the engagement of optometrists by "anyone," including a "person, firm or corporation" to assist in a business in which such a calling is naturally an accompanying factor. The point is attempted to be made that appellant is violating sec. 153.01, Stats., which reads:

". . . The furnishing, using or employment of any means, device or machine, designed or calculated to aid any person in the selection or fitting of spectacles or eyeglasses, . . . shall constitute the practice of optometry."

To hold defendant not entitled to employ optometrists and to be guilty of practicing optometry under that section would be to fail to give effect to the obvious purpose of the chapter as a whole. *Wisconsin Industrial School for Girls v. Clark County,* 103 Wis. 651, 79 N. W. 422.

We agree with the observation made in the *Silver Case, supra,* where the United States court of appeals of the District of Columbia said: "We have considered the cases, and are of opinion the best considered adopt the view that optometry is not 'one of the learned professions.' "

The purpose of the legislation is to protect the public against practice by unqualified persons, and to have optometrists who are able to measure defects of the eye and to adapt the light waves which enter the eye in accordance with optical principles so as to produce focused and single vision with the least abnormal exertion on the part of the eye. Harrington's History of Optometry (1929), p. 24; *Price v. State,* 168 Wis. 603, 171 N. W. 77.

In respondents' brief, emphasis has been placed upon the use in the statute of the words "unprofessional conduct." Phrases work themselves into statutes and literature upon a subject because they become convenient in the meeting of situations requiring description, but they cannot be considered of such strength or importance as to carry a meaning contrary to the general import of the statute. A duly registered and licensed optometrist who does not comply with the law would properly enough lose his license. The phrase does not go beyond that. We note that in sec. 153.06 (4) and 153.08, Stats., there is provision made for the discipline of an employer as well as an employee when there is a failure to comply with the statutes. It is there provided that where an

employer violates any of the provisions of the chapter regulating optometry, an optometrist cannot remain in his employ and retain his license. If the legislature sought to regulate the employment of optometrists, it must have intended that there be such employment.

The purpose of the statute to insure competent service to the public may be fully accomplished although the optometrist rendering the service is an employee of a corporation. It is considered that the long-continued practice of corporations in employing licensed optometrists to test eyes of customers is not a violation of the law regulating the practice of optometry.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.

A motion for a rehearing was denied, with $25 costs, on September 10, 1940.