STATE, Respondent, vs. MAAS, Appellant.

*October 13—November 14, 1944.*

*Fred R. Wright* of Milwaukee, attorney, and *Maurice Singer* of Cleveland, Ohio, of counsel, for the appellant.

For the respondent there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and *Harry F. Knipp,* district attorney of Rock county, and oral argument by *Mr. Platz* and *Mr. Knipp.*

FAIRCHILD, J.    There is no bill of exceptions presented on this appeal.    We must assume that there was ample evidence to sustain the court's finding of fact.    *Joachim v. Wisconsin Dental Clinic* (1935), 219 Wis. 35, 261 N. W. 745; *Joachim v. Madison Dental Clinic* (1934), 216 Wis. 261, 257 N. W. 143.    There was no effective objection to the complaint or information.    Sec. 355.09, Stats.; *State v. Grams* (1942), 241 Wis. 493, 6 N. W. (2d) 191.    The charge against appellant is grounded on his acts which place upon him the responsibility for the violation of the law complained of. Whether he was an aider or abettor, he may be charged and convicted as a principal.    14 Am. Jur. p. 835, sec. 100; 22

C. J. S. p. 145, 146, scc. 81; 5 A. L. R. 782; 74 A. L. R. 1110; 14 Am. Jur. p. 819, 821, sec. 73, 77; XXX Op. Atty. Gen. 95. The trial court found that the defendant is a registered pharmacist and was in charge of a drugstore in which the alleged violations occurred; that one of his clerks, neither a registered pharmacist nor a registered assistant pharmacist, sold and dispensed certain drugs, not proprietary within the meaning of that term.

It is considered that this appeal now turns on the construction of sec. 151.04 (2), Stats., which reads:

"No person shall sell, give away, barter, compound or dispense drugs, medicines or poisons, except paris green, in packages labeled 'paris green, poison,' nor permit it, in a town, village or city of five hundred or more inhabitants unless he be a registered pharmacist, nor institute nor conduct a place therefor without a registered pharmacist in charge, except that a registered assistant pharmacist may do so under the personal supervision of a registered pharmacist, and may have charge during the pharmacist's necessary absence, not to exceed ten days. If the inhabitants are less than five hundred, only a registered assistant pharmacist is required."

The appellant contends that the meaning of the statute clearly prevents all persons who are not registered pharmacists from, (1) selling drugs; and (2) permitting drugs to be sold. And that, conversely, it clearly confers on registered pharmacists the right to sell such drugs and the right to permit them to be sold. And since a registered pharmacist had permitted the clerk to sell the drugs, defendant has not violated the statute.

We do not believe that construction of the statute can be accepted. The words "nor permit" are not so disassociated from the words "nor institute nor conduct a place therefor without a registered pharmacist in charge" as to warrant that interpretation. On the contrary, though the framing of the sentences may be confusing and subject to the criticism of

being ambiguous, still when carefully studied in the light of a purpose to meet and overcome objectionable and dangerous practices, the true meaning discloses itself. It originally was direct enough but by amendment it has obviously become a very awkwardly fashioned statute. The statute includes the "compounding" of drugs and unless the words of the statute are so clear as not to admit of any other construction, it would appear that the legislature, after enacting strict pharmacy licensing statutes, did not intend to confer the right of compounding drugs upon any lay person subject only to the obtaining of permission from a registered pharmacist. It appears also that the statute carefully provides that a "registered assistant pharmacist may do so under the personal supervision of a registered pharmacist." By asking whether the words "do so" refer to "shall sell, give away, barter," etc., or to the words "institute nor conduct a place therefor" may furnish a cause for a claim of difficulty in determining the legislative intent, nevertheless it would be inconsistent with the appellant's contention that the statute means a registered pharmacist may permit sale by any person. Why should it be necessary to add the provision requiring personal supervision of an assistant registered pharmacist when a registered pharmacist has the absolute right to permit anyone to sell without any limitation as to personal supervision?

A history of the legislation shows the construction contended for by appellant to be contrary to the intent of the legislature. The first law for the regulation of pharmacists in this state was ch. 167, Laws of 1882. Sec. 12 of that act provided in part:

". . . Any registered pharmacist or other person who shall permit the compounding and dispensing of prescriptions or the vending of a drug, medicines or poisons in his store or place of business except under the supervision of a registered pharmacist, or except by a registered assistant pharmacist . . . shall for each and every such offense be liable to a penalty of fifty dollars. . . ."

In 1887 by sec. 3, ch. 460, Laws of 1887, the word "personal" was inserted before supervision. The law, amended from time to time, still retains the substance of the act unchanged. In 1898, the law then in effect was sec. 9, ch. 227, Laws of 1895, as amended by sec. 1, ch. 257, Laws of 1897. That section then read in part:

"It shall be unlawful for any person to retail, compound or dispense drugs, medicines, or poisons, except paris green put up in packages, labeled 'paris green, poison,' or to institute or conduct any pharmacy, store or shop for retailing, compounding or dispensing drugs, medicines or poisons in any town, city or village having five hundred or more inhabitants, unless such person shall be a registered pharmacist, or shall employ and place in charge of such pharmacy, store, or shop, a registered pharmacist. . . . Any person who shall permit the compounding or dispensing of prescriptions, or the vending of drugs, medicines or poisons in his store or place of business in a town, city or village, having five hundred or more inhabitants, except by a registered pharmacist, shall forfeit fifty dollars for each such offense."

From these efforts by the legislature, it is clear that from the first act in 1882, which provided that no person could compound and dispense drugs, etc., except under the supervision of a registered pharmacist, to the amendment of sec. 3, ch. 460, Laws of 1887, requiring personal supervision, through the subsequent amendments of 1895 and 1897, which completely prohibited sale by anyone except a registered pharmacist, the legislature placed increasingly greater restrictions and limitations upon the dispensing and compounding of prescriptions and the sale of drugs. See *State v. Robinson* (1893), 55 Minn. 169, 56 N. W. 594, decided under sec. 12, ch. 147, Laws of Minnesota, 1885, which reads like sec. 12, ch. 167, Laws of 1882.

The revised statutes of 1898 were the result of a revisors' bill prepared in 1896. The revisors' note found after sec. 1409*g* in the bill read: "Sec. 9, ch. 227, Laws 1895, with

verbal changes." Sec. 1409*g*, Stats. 1898 (which is the fore-runner of sec. 151.04 (2), enacted by another revisor's bill in sec. 91, ch. 448, Laws 1923), reads as follows:

"Any person who shall retail, compound or dispense or permit to be retailed, compounded or dispensed drugs, medicines or poisons, except paris green put up in packages labeled 'paris green, poison," or institute or conduct any pharmacy, store or shop for retailing, compounding or dispensing drugs, medicines or poisons in any town, city or village having five hundred or more inhabitants, unless such person shall be a registered pharmacist or shall employ and place in charge of such pharmacy, store or shop a registered pharmacist shall forfeit fifty dollars for each offense."

The revisors, in attempting to make the statute more brief and concise, combined two clauses in a single paragraph. But it is plain that they did not intend by the bill submitted to destroy the law. "Revisions of statutes do not change the meaning of the statutes revised, unless the intent to change their meaning necessarily and irresistibly follows from the changed language." *City of Milwaukee v. Milwaukee County* (1940), 236 Wis. 7, 12, 294 N. W. 51; *State ex rel. Harris v. Kindy Optical Co.* (1940) 235 Wis. 498, 292 N. W. 283.

Certainly, the construction contended for by the appellant does not "irresistibly follow from the changed language." It would be, indeed, strange that verbal changes in a revisor's bill could completely reverse the policy and intent of previous legislation providing for and requiring the regulation of pharmacy and leave the sale of drugs completely unregulated except for the requirement of obtaining permission to sell or compound drugs, from a licensed pharmacist. That construction would nullify the law. To avoid such a result a reasonable meaning should be adopted if it can be found within the fair scope of the language used. "To discover the legislative purpose in an enactment, hidden in obscurity, as has often been said, the court can and should consider the 'sur-

rounding circumstances, the existing condition of things, the evils to be remedied, the objects to be attained' (*Clark v. Janesville,* 10 Wis. *136), 'look at the whole and every part of the statute and the apparent intention derived from the whole, to its subject matter, to its effect and consequences, and to the reason and spirit, and thus ascertain the true meaning of the legislature.' *Harrington v. Smith,* 28 Wis. 43. Having discovered the evident legislative intent, the letter should be sacrificed, within the uttermost boundaries of reason, to effect it." *State ex rel. McGrael v. Phelps* (1910), 144 Wis. 1, 9, 128 N. W. 1041, and cases there cited; *Price v. State* (1919), 168 Wis. 603, 616, 171 N. W. 77; *Bewley v. Kipp* (1930), 202 Wis. 411, 233 N. W. 71.

The drug business is intimately associated with public health. The legislature has prescribed rules and regulations to protect the public from the mistakes of the untrained. Although the statute may be confusing, and very likely can be made to carry the meaning more clearly by a redrafting, its purpose appears to be the prevention of any but registered pharmacists or assistant registered pharmacists under the personal supervision of registered pharmacists, from selling or compounding drugs.

*By the Court.*—Judgment affirmed.

FOWLER, J. (*concurring*). I concur in the result reached by Mr. Justice FAIRCHILD although of opinion that the defendant is not within the language of sec. 151.04 (2), Stats., and of the opinion that the history of the statutes does not bring the defendant within its language. My reason for concurrence is briefly stated in the final paragraph hereof.

Sec. 9, ch. 227, Laws of 1895, as amended by ch. 257, Laws of 1897, expressed the statute as it stood in 1897. There have been two revisions of that statute since: The revision that became operative by Stats. 1898, and the revision by the revisor of statutes that became operative by sec. 91, ch. 448,

Laws of 1923. Neither of these revisions contain any language from which we can infer an intent to change the statute. No intent appears in Stats. 1898 to change the statute as it stood in 1897; no intent appears in ch. 448, Laws of 1923, to change the statute as it stood in 1897. So the statutes now remain as expressed in ch. 257, Laws of 1897. It is fundamental that a revision does not change the law unless an intent to change it clearly appears from the language of the revision.

Turning to ch. 257, Laws of 1897 (p. 490), we find sec. 9, ch. 227, Laws of 1895, as amended. The first part of the statute, so far as we are here concerned with it, that is as to selling drugs, makes it unlawful for any person to retail drugs unless he be a registered pharmacist or shall place a registered pharmacist in charge of *his* pharmacy, under a penalty of $50 for each offense. The defendant does not come within this provision.

The section then declares that any person who shall permit the retailing of drugs in *his* pharmacy except by a registered pharmacist shall forfeit $50 for each offense. The defendant does not fall within this provision as the pharmacy was not *his*.

The next provision is that it shall be unlawful for any person to retail drugs in *his store* or *conduct* any pharmacy for retailing drugs unless he be a registered pharmacist or assistant registered pharmacist or shall place in charge a registered pharmacist or registered assistant pharmacist, under a penalty of $50 for each offense. The defendant does not fall under this provision as the store was not his and he might conduct the pharmacy because a registered pharmacist.

The only other provision of the statute creating an offense is that any person who shall permit the vending of drugs, in *his store* except by a registered pharmacist or a registered assistant pharmacist shall forfeit $50 for such offense. The defendant would fall under this provision except for the use of the phrase "his store." The store where the sale involved

occurred was not a store of the defendant. The guilty party under this provision was the Reed Drug Company, the owner of the store.

I therefore am unable to see that the defendant was guilty of any offense under the language of the statute. He is not within the language of sec. 151.04 (2) of the statute as it now stands, nor is he within the language of the statute as it stood before the revisions of 1889 and 1923.

However the owner of the store in which the sale involved was made was guilty of violation of the last provision of sec. 9 as it stood in 1897, and the defendant was guilty under that provision as an aider and abettor of the owner. He was a participant in the offense of the owner, and a participant may be charged and convicted as a principal. *In re Carlson,* 176 Wis. 538, 186 N. W. 722; *Krueger v. State,* 171 Wis. 566, 177 N. W. 917; cases cited in opinion of the court herein; secs. 353.05, 353.09,, Stats.; *State v. DeHart,* 242 Wis. 562, 8 N. W. (2d) 360. The instant case was not a felony, as were the Wisconsin cases above cited, but with equal reason the rule is applicable to misdemeanors. That such rule is applicable to misdemeanors see 14 Am. Jur. p. 835, sec. 100. Such is the rule although one is exempted from the statute because not a member of the class covered by it. 5 A. L. R. 782; 74 A. L. R. 1110; 14 Am. Jur. pp. 819, 821, secs. 73, 77.