HARVEY v. PETERS.

5-3213                                          375 S. W. 2d 654

Opinion delivered February 17, 1964.
[Rehearing denied March 16, 1964.]

688

*Donald Poe,* for appellant.

*Warren & Bullion,* for appellee.

PAUL WARD, Associate Justice. This appeal challenges the right of the Arkansas State Board of Pharmacy to deny Maurice Harvey (appellant) a 1963 Pharmacy Permit to operate a drug store in Waldron. The action of the board was sustained by the Pulaski County Circuit Court, and this appeal follows.

Appellant is the owner of said drug store which has been in continuous operation for more than fifty years. Since 1955 he has been a "Licensed Practical Druggist" but he is not now and never has been a "Licensed Registered Pharmacist". However, until recently appellant has employed a registered pharmacist in his store.

Appellant's permit to operate his drug store was refused by the board because of his failure to comply with Ark. Stat. Ann. § 72-1017.1 (Repl. 1957). This section, in material part, reads as follows:

"Hereafter no person shall operate a drug store or pharmacy or be issued a Registered Pharmacy Permit unless an Arkansas registered pharmacist is on duty in such drug store or pharmacy a minimum of forty (40) hours per week."

The facts are not in dispute, and the only issue involved (as stated by appellant) is the constitutionality of the above mentioned section.

Summarily stated, it is contended by appellant that § 72-1017.1 (§ 14 of Act 57 of 1955) is arbitrary and bears no relation to the public welfare, that it grants a monopoly to a select few, that it is unfair and discriminatory, and that it therefore violates the due process clauses of the United States and the State Constitutions. In support of the above it is ably and forcefully argued that appellant has had years of experience in running a drug store and filling prescriptions, that he is competent to do so without endangering the public welfare, and that the income from a small town drug store will not justify the expense of a licensed registered pharma-

cist. However, for reasons hereafter set out, we are unable to agree with appellant and must, therefore, affirm the judgment of the trial court.

*Police Power.* It has been universally and uniformly held that the legislature has the power, in the exercise of its police powers, to regulate the practice of Pharmacy for the health and general welfare of the public. 28 C.J.S. *Druggists* § 2 at page 500; 17A Am. Jur. *Drugs and Druggists* § 13 at page 517; and 54 A.L.R. 719. It is just as well established that such regulations must not be arbitrary, but must be reasonably necessary to protect the public health and welfare.

*Legislative History.* To properly appraise the issue here presented it will be helpful, we believe, to set out briefly what our own legislature has done to regulate the practice of Pharmacy, including its stated reasons therefor.

The first attempt by the legislature was Act 50 of 1891. The reason for regulation, as expressed in the first two paragraphs, is worthy of note:

"WHEREAS, In all civilized countries it has been found necessary to regulate the traffic in medicines and poisons, and to provide by law for the regulation of the delicate and responsible business of compounding and dispensing the powerful agents used in medicines and

"WHEREAS, The safety and welfare of the public are endangered by the sale of poisons by unqualified and ignorant persons. . . ."

Section 1 of the above act, Ark. Stats. Ann. § 72-1014 (Repl. 1957), made it "unlawful for any person not a registered pharmacist . . . to conduct any drug store, pharmacy or apothecary shop. . . ." Said Section 1 was amended by Act 72 of 1929 (See § 72-1014) to provide "that, any person or persons not registered pharmacists may own or conduct such a store if he or they keep constantly in their store a registered pharmacist". Although the legislature revised certain portions of the original Pharmacy Act by Act 535 of 1921, by Act 120

of 1939, and by Act 336 of 1949, it did not see fit to relax the requirement of a licensed registered pharmacist to operate a drug store until the passage of Act 57 of 1955, § 14 of which was hereinbefore quoted — § 72-1017.1. Neither did the legislature in 1959 by Act 92 see fit to modify § 14 of Act 57 of 1955.

Appellant is not a licensed registered pharmacist nor could he be under the terms of said Act 57 because he is not a graduate of "an accredited school or college of pharmacy . . ." as required by § 1 of said Act 57 (§ 72-1007.1).

Thus it appears that for sixty-four years (from 1891 to 1955) drugs could only be dispensed by a licensed registered pharmacist or by someone under his constant supervision. Since appellant does not question the constitutionality (the reasonableness) of the Acts of 1891 and 1929 which required the attendance of a registered pharmacist at all times, it is difficult to understand the logic of the contention that it is unreasonable and arbitrary to require his attendance only forty hours each week.

The argument is advanced that since appellant (a practical druggist) is qualified to fill prescriptions when the registered pharmacist (whose presence is required only forty hours each week) is not on duty, then he (appellant) is qualified to fill prescriptions at all times, and so does not need a registered pharmacist at any time. For several reasons we are not convinced by that argument. One, some amount of protection of the public welfare is better than no protection. Two, it is common knowledge that there is a greater variety of drugs on the market today than there was in 1891, and more skill and knowledge now are required to dispense them with safety. Three, although a registered pharmacist is not actually present in the store at all times, he could be accessible at all times. Fourth, the result of appellant's contention, if accepted by us, bodes evil for both him and the public welfare. The legislature would be left with two alternatives. One, it could require the presence of a registered pharmacist (in a drug store) at all times, and

this certainly would give appellant no relief. Two, it could allow all drugs to be compounded and dispensed by people with no technical training in a school or college of pharmacy. We do not believe this alternative would be in the best interest of the public welfare. Certainly, there is nothing in the record here to convince us otherwise. It is our conclusion, therefore, that the judgment of the trial court should be, and it is hereby affirmed.

Affirmed.

McFADDIN, J., dissents.

692

ED. F. McFADDIN, Associate Justice (dissenting). It is my considered conclusion that one of the main purposes of Act No. 57 of 1955 was to create the status of "Licensed Practical Druggists," and to put them on an equality basis with Registered Pharmacists. In other words, the said Act No. 57 was a "blanketing-in" of long time practical druggists, similar to the so-called "grandfather clauses" in other matters of legislation. There is no need to lengthen this dissent by detailing the various matters that impel me to such conclusion and by pointing out why I think Act No. 57 brings about such result. But it is because I believe that the said Act No. 57 was to place a Licensed Practical Druggist on the same equality basis as that of a Registered Pharmacist that I dissent from the Majority in the present case.