BARBARA NICHOLS, Secretary Department of Regulation and Licensing
The Pharmacy Examining Board has requested my opinion on several questions regarding the application of chapter 450, Stats., which regulates the practice of pharmacy in Wisconsin, to out-of-state pharmacies that regularly and continually solicit mail orders for the retail sale of prescription drugs to Wisconsin residents. The issues presented in your request have been restated below:
 1. Does chapter 450 authorize the Pharmacy Examining Board to extend its licensing and registration requirements to out-of-state pharmacies which solicit mail-order sales from Wisconsin residents?
 2. Does the regulation of an out-of-state pharmacy by the Wisconsin Pharmacy Examining Board, whether pursuant to a specific statute or based on an implied legislative mandate, establish an unconstitutional burden on interstate commerce?
 3. If it is assumed that out-of-state pharmacies may dispense prescriptions by mail to Wisconsin residents without being licensed, must the pharmacies nevertheless comply with the other provisions of chapter 450 regarding the dispensing of prescription drugs?
I have concluded that chapter 450 may be applied to regulate out-of-state pharmacies when they regularly and continually solicit mail-order *Page 122 
sales of prescription drugs from Wisconsin residents. Although chapter 450 does not explicitly require out-of-state pharmacists to become licensed or registered in Wisconsin, an implied power to regulate them when they solicit orders from Wisconsin residents may be inferred from the statute. With regard to the second issue, it is my opinion that application of chapter 450 to out-of-state pharmacists does not create an unconstitutional burden on interstate commerce. An opinion on the third issue is not necessary, since I have concluded that out-of-state pharmacies may not dispense prescriptions to Wisconsin residents without being licensed by the state. Therefore, they are compelled to comply with all the other provisions of chapter 450.
Section 450.04(2) provides in part: "No person may sell, give away, barter, compound or dispense drugs, medicines or poisons . . . unless he or she is a registered pharmacist . . . ."
Section 450.07(3) provides: "No person, except a registered pharmacist or a practitioner, shall prepare, compound, dispense or prepare for delivery for a patient any prescription drug."
An analysis of the applicable case law underscores the strong policy considerations in favor of a statutory interpretation which would permit the Pharmacy Examining Board to regulate out-of-state pharmacies when they solicit mail-order sales from Wisconsin residents. AS a general proposition, the courts have uniformly held that a state may enact safety regulations under the police power in the interest of the public health and welfare. State v. Wetzel, 208 Wis. 603, 243 N.W. 768 (1932);Bisenius v. Karns, 42 Wis.2d 42, 165 N.W.2d 377 (1969); see also
16A Am. Jur. 2d Con Law § 417. In more specific terms, the regulation of pharmacies has been recognized as a legitimate exercise of the state's police power to act for the protection of the public health and general welfare. Milligan v. Board ofRegistration in Pharmacy, 348 Mass. 491, 204 N.E.2d 504 (1965);Harvey v. Peters, 237 Ark. 687, 375 S.W.2d 654 (1964); see also
25 Am. Jur. 2d Drugs, Narcotics and Poisons, §§ 7, 8.
Thus, the Wisconsin Supreme Court has held that the state may, through the exercise of its police power for the protection of the public health, regulate the sale of drugs. The State v.Heinemann, 80 Wis. 253, 49 N.W. 818 (1891); see also State v.Wakeen, 263 Wis. 401, 57 N.W.2d 364 (1953) and Butala v. State,71 Wis.2d 569, *Page 123 239 N.W.2d 32 (1976). These cases refer only to intrastate sales of prescription drugs. Nevertheless, they provide compelling authority for the proposition that Wisconsin's pharmacy laws are designed to "protect the health and lives of citizens throughout the state from improper, dangerous, and destructive compounds, put up by incompetent or inefficient persons." Heinemann,80 Wis. at 256.
Generally, statutes should be broadly construed in order to effect their legislative purpose. State ex rel., McGrael v.Phelps, 144 Wis. 1, 9, 128 N.W. 1041 (1910). In attempting to discern the legislative purpose behind the pharmacy laws, the Wisconsin Supreme Court has commented that beginning with the first act regulating the practice of pharmacy in 1882, "through the subsequent amendments of 1895 and 1897, which completely prohibited sale by anyone except a registered pharmacist, the legislature placed increasingly greater restrictions and limitations upon the dispensing and compounding of prescriptions and the sale of drugs." State v. Maas, 246 Wis. 159, 163,16 N.W.2d 406 (1944). Taking into account the historical trend in favor of greater restrictions on the sale of drugs and the obligation to consider the underlying purpose of former statute section 151.04(2) (since renumbered section 450.04(2)), the court in Maas found a violation of the statute when a registered pharmacist allowed an unregistered clerk to dispense drugs. Id. at 159. These same considerations are also important in determining whether sections 450.04(2) and 450.07(3) apply to out-of-state pharmacists.
In Meyers v. Matthews, 270 Wis. 453, 71 N.W.2d 368 (1955), a regulatory statute was held applicable to out-of-state collection agencies which solicited in Wisconsin by mail. The relevant statute in that case was section 218.04(2), which provides that "[n]o person shall operate as a collection agency or as a collector or solicitor in this state without first having obtained a license as required by this section." The court concluded that since the collection agency was doing business with Wisconsin residents through its agents, it was subject to the provisions of section 218.04. Thus, in the case of a statute which did not explicitly refer to "foreign collection agencies, " and was just as broad as sections 450.04(2) and 450.07(3), it was held that the statute should nevertheless apply. This suggests that a similar holding would be reached in a situation involving an out-of-state pharmacist. *Page 124 
Having concluded that chapter 450 authorizes the Pharmacy Examining Board to regulate out-of-state pharmacies that transact business with Wisconsin residents, the question remains whether this licensing requirement establishes an unconstitutional burden on interstate commerce.
A threshold inquiry is whether personal jurisdiction over the out-of-state operation has been established. The general standard is that personal jurisdiction is established if the foreign corporation has "minimum contacts" with the forum state.International Shoe Co. v. Washington, 326 U.S. 310 (1945). However, in the case of regulation, "the connection between a state and the regulated person must be of a more substantial character than the `minimum contacts' needed to support judicial process running against a person." Aldens v. La Follette,552 F.2d 745, 751 (7th Cir. 1977). The governing standard in the case of regulatory statutes was enunciated in National Liberty LifeIns. Co. v. State, 62 Wis.2d 347, 215 N.W.2d 26 (1974): "[c]ontacts that would justify regulatory provisions as to one type of business might not as to another because of the greater interest of the state in the former than in the latter. Thus, a State can properly regulate an insurance business based upon contacts which would not support regulation of a greeting card business, for example." Id. at 354 (emphasis in original). Since the state interest in regulating the practice of pharmacy has already been demonstrated as very great, the contacts required to justify regulation of out-of-state pharmacies are necessarily quite minimal.
As stated earlier, state regulations concerning the sale of prescription drugs have been upheld as a valid exercise of the police power to act for the protection of the public health and general welfare. Such regulations are not rendered unconstitutional even though they may indirectly affect interstate commerce since Congress has not expressed an intent to preclude states from entering this area. Pharmaceutical Soc. ofNew York v. Lefkowitz, 454 F. Supp. 1175 (S.D. N.Y. 1978). I conclude, therefore, that in balancing the strong interest of Wisconsin in regulating the sale of prescription drugs from out-of-state pharmacies to state residents against the incidental effect of the regulation on interstate commerce, there exists no undue burden on such commerce.
It should also be noted that the application of chapter 450 does not discriminate against nonresidents or grant special privileges and *Page 125 
immunities to residents. State v. Evans, 130 Wis. 381,110 N.W. 241 (1907). Since chapter 450 evenly regulates resident as well as nonresident pharmacists, it could not be construed as a discriminatory burden on interstate commerce.
You have also inquired whether out-of-state pharmacists would have to comply with other "dispensing laws" of this state. An opinion on this issue is not necessary since it has already been decided that out-of-state pharmacies must comply with all the requirements of chapter 450. Nevertheless, your inquiry suggests that there may be some venue problems in enforcing the statute. These are briefly discussed below in order to help facilitate enforcement efforts by your Department.
Violation of sections 450.04(2) and 450.07(3) is punishable by fine or imprisonment under sections 450.05(1) and 450.07(12). In a criminal prosecution, venue may be established under section939.03(1)(a), (b) or (c). In a civil proceeding, personal jurisdiction over a pharmacist located in another state who delivers prescriptions in Wisconsin can be established under section 801.05(4). However, it should be noted that significant practical problems are often presented in enforcing state laws against out-of-state firms. These practical problems should be carefully considered before the Department undertakes enforcement action against an out-of-state pharmacist.
It should also be noted that the out-of-state pharmacist who solicits, prepares, dispenses and delivers would not be the only person in violation of Wisconsin law. A Wisconsin resident who procured such prescription drugs and had them in his or her possession would be in violation of section 450.07(7), which provides: "It is unlawful for any person to have any prescription drug in his or her possession unless such drug was obtained in compliance with this section."
BCL:JDJ:RJV:JMM *Page 126