TIM CULLEN, Chairman Senate Organization Committee
As chair of the Senate Organization Committee you have requested this office's opinion on whether Wisconsin's statutes allow for-profit business corporations to charge fees for services provided by licensed professional employes. Your request includes four specific questions. These questions can best be answered after a brief explanation of the policy reasons why states have historically restricted the practice of the medical and legal professions.
In 53 Op. Att'y Gen. 35 (1964), this office stated that in general a corporation may not practice medicine, surgery or dentistry. The opinion pointed out that state statutes only permit individuals to obtain licenses to practice in these areas. 19 C.J.S. Corporations § 956 (1940) states the same general rule:
 It is not within the power of a corporation to carry on the business of practicing one of the learned professions . . . .
. . . .
 The lack of capacity of a corporation to practice a learned profession extends to its hiring practitioners to carry on the business of practicing for it.
This prohibition against corporate practice applies to all of the learned professions: law, medicine and dentistry. Many states have also applied this prohibition to the practice of optometry.
The number of statutes which have been construed to prohibit corporate practice of the professions and the length of time these statutes have been in effect suggest that there are some important public policy concerns behind the prohibition against corporate practice. Some reasons for prohibiting a corporation from practicing law were discussed by the court in In reEducation Law Center, Inc., 86 N.J. 124, 429 A.2d 1051, 1056-57
(1981):
 [T]he relationship of confidentiality, trust and undivided loyalty which must exist between a lawyer and his client could be impaired if the lawyer is employed by a corporation . . . . *Page 201 
. . . .
 . . . . [T]he corporation may place its own interests, whether political goals or profits, ahead of the interests of its clients . . . .
The court also noted that corporations, unlike attorneys, are not subject to the control and discipline of state courts.
Similar concerns are the basis for prohibiting the corporate practice of medicine. For-profit corporations have traditionally been prohibited from practicing medicine because corporate control could interfere with the personal relationship between physician and patient. 61 Am Jur. 2d Physicians and Surgeons
§ 154 (1981). In Bartron v. Codington County, 68 S.D. 309,2 N.W.2d 337 (1942), the court concluded that contracts executed by a for-profit corporation to provide medical services were unenforceable and against public policy. The court determined that the corporate practice of medicine was against public policy because it placed "undue emphasis on mere money making, and commercial exploitation of professional services." Bartron,2 N.W.2d at 346.
The prohibition against the corporate practice of medicine includes a prohibition against the corporate practice of dentistry. In State v. Boren, 36 Wash. 2d 522, 219 P.2d 566
(1950), the court held that a corporation was illegally practicing dentistry by employing a licensed dentist. The court stated:
 The general rule throughout the country is that no unlicensed person or entity may engage in the practice of medicine, surgery, or dentistry through licensed employees. . .
 . . . Experience has shown that the care and treatment of the teeth requires, not only skill, but the personal relationship between dentist and patient.
Boren, 219 P.2d at 572.
In some states, the prohibition against the corporate practice of medicine has also historically prohibited the corporate practice of optometry. See Kendall v. Beiling, 295 Ky. 782,175 S.W.2d 489 (1943), and State v. Standard Optical Co. of Oregon,182 Ore. 452, 188 P.2d 309 (1947). In these states, the courts or the Legislature determined that the same important public health concerns behind regulation of medicine required that the practice of optometry be limited only to licensed individuals. *Page 202 
This general historic prohibition against the corporate practice of professions was intended to protect the public, but the prohibition also had the effect of preventing professionals from taking advantage of certain benefits of corporate form. Most importantly, professionals could not benefit from federal tax treatment as a corporation. To allow professionals to obtain corporate tax benefits while at the same time preventing the perceived problems which gave rise to the historic prohibition against corporate practice by professionals, states promulgated professional service corporation statutes.
Wisconsin first promulgated a professional service corporation law in 1961. The law allowed professional persons licensed in the same field to form professional service corporations. The act specifically preserved the professionals' responsibility to patients or clients, and it expressly provided that licensing or disciplinary bodies would retain their control over professionals, despite the fact that the professionals might be corporate shareholders or employes.
A draft of section 180.99, Stats., submitted on April 15, 1961, by the State Medical Society contains an introductory note and comments which explain the purpose and function of the act:
 Two points are strongly emphasized. First, the legislation is designed to do nothing more than provide a legal device which will give self employed persons the same tax treatment enjoyed since 1942 . . . by those who could qualify as "employees" under the Internal Revenue Code. Second, it is intended that service corporations authorized by such legislation not practice a profession. . . but that they serve as a convenience to shareholders so as to enable them to meet a technical and substantial tax problem. The professional . . . would continue to render service as if the corporation were not in existence, and would incur the same legal liability and continue the same contract and other relationships with the person served which have been established previously by general law.
In addition, the draft specifically recognizes the historical prohibition against the corporate practice of professions, and the introductory note refers to the prohibition as a matter of "sound public policy." It, therefore, appears that Wisconsin's service corporation law was intended to provide corporate tax benefits to professionals *Page 203 
while affirming the general prohibition against the corporate practice of professions. See also, 51 Op. Att'y Gen. 157 (1962).
This general discussion of the prohibition against corporate practice of professions provides a logical framework for answering these specific questions. In the following discussion, unless indicated otherwise, the term "corporation" means a for-profit business corporation, not a service corporation. The discussion does not apply to corporations operating voluntary health care plans under section 628.36 (1).
 (1) Would the practice of a corporation receiving compensation for medical services provided by an employed professional violate section 448.08 (1) and (2)?
Section 448.08 (1) states:
 FEE SPLITTING. Except as otherwise provided in this section, no person licensed or certified under this chapter may give or receive, directly or indirectly, to or from any person, firm or corporation any fee, commission, rebate or other form of compensation or anything of value for sending, referring or otherwise inducing a person to communicate with a licensee in a professional capacity, or for any professional services not actually rendered personally or at his or her direction.
This provision prohibits, inter alia, a medical professional from giving any compensation to a corporation in exchange for the corporation referring patients to the professional. If a corporation receives fees for services provided by a professional employe, this compensation could be construed as payment made by the professional to the corporation in exchange for the corporation's referring patients to the professional.
In United Calendar Mfg. Corp. v. Huang, 94 A.D.2d 176,463 N.Y.S.2d 497 (1983), a New York court found that an agreement between a business corporation and two physicians violated New York's fee splitting statute. Under the agreement, the corporation had received thirty percent of the total fees generated by the two physicians.
In Wisconsin, the terms of the fee splitting statute are violated whenever a physician compensates a corporation in exchange for referrals. If a corporation receives compensation for a physician's professional services and the physician receives patients through his *Page 204 
or her employment with the corporation, this practice would violate section 448.08 (1).
But while the practice of a corporation receiving compensation for medical services would violate section 448.08 (1), section448.08 (2) does not apply to this arrangement. Section 448.08 (2) applies only to medical practitioners, requiring that each medical practitioner treating a patient must submit a separate statement of charges for services provided to the patient.
 (2) Would the practice of a corporation receiving compensation for medical services provided by an employed professional violate section 448.03 (1)?
Section 448.03 (1) provides: "LICENSE REQUIRED TO PRACTICE. No person may practice medicine and surgery, podiatry or physical therapy, or attempt to do so or make a representation as authorized to do so, without a license granted by the board." The practice of medicine or surgery is defined in section 448.01 (9), which states:
"Practice of medicine and surgery" means:
 (a) To examine into the fact, condition or cause of human health or disease, or to treat, operate, prescribe or advise for the same, by any means or instrumentality
 (b) To apply principles or techniques of medical sciences in the diagnosis or prevention of any of the conditions described in par. (a) and in sub. (2).
 (c) To penetrate, pierce or sever the tissues of a human being.
 (d) To offer, undertake, attempt or do or hold oneself out in any manner as able to do any of the acts described in this subsection.
Read together, sections 448.03 (1) and 448.01 (9) prohibit any unlicensed person from engaging in any of the activities which constitute the practice of medicine.
This prohibition applies to corporations. Under section 990.01
(26), when the word person appears in the Wisconsin statutes, it is to be construed as including all partnerships, associations and bodies politic or corporate. Therefore, section 448.03 (1) prohibits corporations from practicing medicine. *Page 205 
While it is possible for an individual to qualify under section448.05 for a license to practice medicine, it is not possible for a corporation to qualify for a license. Section 448.05 (2) requires that to obtain a license to practice medicine, an applicant must have graduated from a medical school and must have completed twelve months of postgraduate training. Those requirements can only be satisfied by an individual. Therefore, a corporation cannot be licensed to practice medicine.
Because a corporation cannot be licensed to practice medicine, sections 448.03 (1) and 448.01 (9) prohibit it from engaging in any activities which constitute the practice of medicine. Section448.01 (9)(d) prohibits a corporation from offering, attempting or holding itself out as able to perform any of the medical acts specified in section 448.01 (9)(a) to (c). If a business corporation supplied medical services through licensed physicians, it would be offering to provide and providing services which constitute the practice of medicine. Therefore, section 448.03 (1) prohibits a corporation from providing medical services through employed professionals.
The conclusion that a corporation cannot practice medicine, although clear from the reading of the statutes enumerated above, becomes pellucid when viewed in the context of other statutes. If corporations were not prohibited from practicing medicine, section 628.36, which permits corporations which operate voluntary health plans to pay their health care professionals on a salary, per patient or fee-for-service basis, would be unnecessary. Similarly, the service corporation law discussed earlier would be unnecessary.
In your third and fourth requests you ask in what manner business corporations could be involved in providing professional service through employed licensed professionals. It is impossible to provide an answer to that broad question. The following discussion, therefore, assumes, as the introduction to the opinion request indicates, that the corporation wishes to charge fees for the professional services rendered by its employes.
 (3) May a for-profit business corporation employ professionals to provide medical services?
The Wisconsin statutes regulating medical practices and the policies behind the general rule prohibiting the corporate practice of professions both dictate that in Wisconsin a business corporation may not provide medical services through employed professionals. *Page 206 
Such an arrangement would violate section 448.08 (1), Wisconsin's fee splitting statute, and it would violate section 448.03 (1), which prohibits any person from practicing medicine without a license.
In addition to violating the language of the statutes, the employment arrangement violates the traditional rule that business corporations cannot practice medicine. As the drafters of Wisconsin's professional service corporation law recognized, the prohibition against corporate practice of the professions reflects sound public policy. The prohibition protects physician-patient relations and maintains regulatory control over the practice of medicine.
 (4) May a for-profit business corporation employ professionals to provide legal, dental or other professional services?
The historic prohibition against a corporation practicing the professions has been extended to law, dentistry and, in some states, optometry. This answer will cover briefly the legality of a Wisconsin business corporation employing lawyers, dentists and optometrists to provide professional services.
Wisconsin's statutes and public policy prohibit a business corporation from employing either attorneys or dentists to provide professional services in Wisconsin.
Section 757.30 makes it a crime to practice law in Wisconsin without a license. A corporation that provides legal services through an employed attorney would be practicing law without a license. In State ex rel. State Bar v. Bonded Collections,36 Wis.2d 643, 154 N.W.2d 250 (1967), the Wisconsin Supreme Court found that a collection agency had engaged in the unauthorized practice of law. The collection agency had employed an attorney to bring suit on behalf of its creditor clients. The court stated:
 If the attorney is in fact the agent or employee of the lay agency, his acts are the acts of his principal or master. . . . The prohibition against the practice of law by a layman . . . applies alike to the practice by a layman directly and in person and to the indirect practice through an agent or employee.
State ex rel. State Bar, 36 Wis.2d at 655-56, quoting Nelson v.Smith, 107 Utah 382, 394, 154 P.2d 634 (1944).
The practice of dentistry by unauthorized persons is also prohibited. Section 447.02 (1) prohibits the unauthorized practice of dentistry and defines acts which constitute the dental practice. Under *Page 207 
section 447.02 (1)(d), the practice of dentistry includes undertaking the practice of dentistry "by any means or methods, including those defined in this chapter, gratuitously, or for a . . . fee . . . paid directly or indirectly . . . ." Any corporation employing dentists to provide dental services would be practicing dentistry through the means of employing the dentists.
In addition to violating the statutory language prohibiting unlicensed practice of law and dentistry, employment of attorneys and dentists by a business corporation would contravene the important public policies behind the general prohibition of corporate practice. Such an arrangement would interfere with attorney/client, dentist/patient relations, and would interfere with regulating bodies' control over the legal and dental practices.
In Wisconsin, there is one profession which a corporation can practice through employment of professionals. Section 449.02 (1) states that no person shall practice optometry in Wisconsin without a license. However, in State ex rel. Harris v. KindyOptical Co., 235 Wis. 498, 292 N.W. 283 (1940), the Wisconsin Supreme Court found that Wisconsin law allowed corporations to employ optometrists. The court concluded that optometry was not a learned profession, stating "[o]ur legislature has dealt with optometry as a skilled calling, not as a profession involving a relation of special confidence between practitioner and patient."Harris, 235 Wis. at 501.
Although a corporation is allowed to provide optometric services through an employed optometrist, the optometry statutes include a fee splitting prohibition. Section 449.08 (1)(d) states that unprofessional conduct for optometrists includes splitting any optometric service fee with anyone other than an associate licensed optometrist.
In summary, under current Wisconsin law, a corporation which is not a service corporation may not receive fees for services provided by employed physicians. Similarly, the corporation could not receive fees for services provided by employed attorneys or employed dentists. However, a business corporation may employ optometrists to provide optometric services. When employing optometrists, a corporation should be aware that under section449.08 (1), *Page 208 
an optometrist may only split optometric fees with other optometrists.
BCL:AL *Page 209